## ALPHONSINE I. DEROME *vs.* JOHN VOSE.

Essex. Nov. 5, 1885. — Jan. 11, 1886. FIELD & DEVENS, JJ., absent.

A relief association issued a certificate to a member, in which it agreed to pay, on the death of the member, a certain sum to a third person, "in trust" for a daughter of the member. The third person collected the sum of the association. *Held,* that the guardian of the daughter could maintain an action, in the name of his ward, against such third person, for money had and received.

Under the Pub. Sts. *c.* 156, § 4, it is no defence to an action by a guardian in the name of his ward, that his appointment as guardian in this Commonwealth was of no effect, because the ward did not reside here, unless the want of jurisdiction in the Probate Court to appoint appears of record.

CONTRACT for money had and received, brought by Wilbur F. Gile, as guardian, in the name of his ward, to recover $5000.

Writ dated May 4, 1885. The answer contained a general de-
nial; and alleged that, in the appointment of the guardian, the
Probate Court had no jurisdiction, as the ward was living in
Canada at the date of the appointment. Trial in the Superior
Court, before *Staples*, J., who allowed a bill of exceptions, in
substance as follows:

The plaintiff called Mary I. Derome, who testified as follows:
" I was married to Thomas A. Derome in 1877, at Medford, and
shortly after we went to reside at Boston, where we lived to-
gether down to November, 1881, when I left my husband, and
went to reside at Lawrence, where I was born, and where, since
November, 1881, I have resided with my mother. When I went
back to Lawrence I intended to make my home there, and have
ever since had such intent, and made it my residence. We had
only one child, a daughter, named Alphonsine Isabell Derome,
now seven years of age. When I left my husband, our daughter
remained in his custody, at Boston. Mr. Gile was appointed
guardian of my child, at my request, after the death of my hus-
band, who died at Boston, October 14, 1884, in an asylum for
the insane, where he had been confined some six or eight months
prior to his death." Upon cross-examination, the witness testi-
fied that, both before and since the death of her husband, she
had endeavored to obtain the custody of the child; that she was
informed by the defendant that the child was sent to a sister of
the father, at a convent in Montreal, in 1882, where she had
since remained; that the defendant told her the father desired
the child to be educated there; that she only knew what the de-
fendant told her about it; that she knew her husband had a sis-
ter who was a member of the order, in charge of a convent at
Montreal; that her child was not sent there with her knowledge
or consent; that her husband was a Frenchman, who at one time
kept a jeweller's store in Boston ; and that she left him because
she could not live with him on account of his treatment of her.

The plaintiff introduced in evidence a certificate of member-
ship issued to Thomas A. Derome by the New England Relief
Association, a corporation duly established under the laws of
this Commonwealth, by the terms of which the association
agreed to pay a sum equal in amount to the number of the sur-
viving members of the association, not exceeding $5000, within

sixty days after due notice and proof of the death of Thomas A. Derome, "to John Vose, in trust for Alphonsine Isabell Derome, daughter."

The plaintiff also introduced in evidence a decree of the Probate Court, dated January 12, 1885, appointing Wilbur F. Gile, of Lawrence, guardian of the plaintiff, who was described therein as " of Lawrence."

The defendant admitted that, on March 31, 1885, he received from the New England Relief Association, under said certificate, the sum of $5000, for which he gave a receipt.

The plaintiff called Wilbur F. Gile, who testified that, in January, 1885, after his appointment as guardian, he made a demand upon the defendant for all of the estate of his ward in the defendant's possession; that, on April 14, 1885, he gave to the defendant a certified copy of his appointment as guardian, and then demanded the $5000 received by the defendant of said association; and that the defendant refused to comply with each of said demands, and, at the last-named interview, said he should not give up the money to the witness until compelled so to do by the courts.

The plaintiff admitted that, at the date of said appointment, she had no estate in this Commonwealth, except her interest in said certificate in the possession of the defendant, who lived in Boston; that Thomas A. Derome was a native of Canada, and came to this Commonwealth about fifteen years ago, where he lived down to the time of his death; and that, when said certificate was issued, he was in the employ of the defendant.

The defendant asked the judge to direct the jury to return a verdict for the defendant, upon the grounds that the Probate Court had no jurisdiction to appoint a guardian of the plaintiff, and because it appeared that the defendant held said sum of $5000 under an express trust.

The judge ruled that the action could not be maintained; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. T. Burley,* for the plaintiff.

*J. T. Wilson,* for the defendant.

C. ALLEN, J. Upon the conceded facts, the defendant holds the money sued for upon a simple trust, with no interest or duty

except to pay it over to the *cestui que trust* on demand. Under such circumstances, an action for money had and received lies to recover it. *Gould* v. *Emerson*, 99 Mass. 154, 157. *Johnson* v. *Johnson*, 120 Mass. 465. 2 Perry on Trusts, § 843.

The defendant denies the validity of the appointment of Gile as guardian, on the ground that the plaintiff was not an inhabitant of Massachusetts at the time when the appointment was made. But this objection cannot be taken in the present action, since no want of jurisdiction appears on the record of the Probate Court. Pub. Sts. *c.* 156, § 4. *McFeely* v. *Scott*, 128 Mass. 16. We need not determine, therefore, whether the plaintiff could properly be deemed an inhabitant of Canada.

*Exceptions sustained.*