## DORCAS H. CUMMINGS *vs.* DAVID M. HODGDON.

Suffolk.    March 29, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Probate Court — Jurisdiction — Domicil.*

A petition was filed in 1885, in the Probate Court of Suffolk County, to declare void a decree made in 1880 appointing an administrator, and to vacate all proceedings therein, on the ground that the intestate, a minor, was domiciled in another county.   On appeal, an agreed statement of facts showed that the minor's father, who was domiciled in Roxbury, died in 1867; that the next month the minor's mother took him with her to the other county, where she lived until she died, but whether she changed her domicil to that county was not stated; and that his guardian never changed the minor's domicil, but always intended that he should return to Suffolk.   *Held*, that it did not appear that the minor lost his domicil in Suffolk, and that, if he did, the petition under the Pub. Sts. c. 156, § 4, was filed too late.

APPEAL from a decree of the Probate Court allowing a petition filed by Dorcas H. Cummings to declare void a decree appointing the respondent, David M. Hodgdon, administrator of the estate of William C. Hodgdon, a minor, and to vacate all proceedings on the same.

Hearing, on an agreed statement of facts, before *W. Allen*, J., who ordered the, decree of the Probate Court to be reversed; and the petitioner appealed to the full court.   The facts appear in the opinion.

*C. A. Taber*, for the petitioner.

*E. B. Powers*, for the respondent.

HOLMES, J.   This is a petition to declare void a decree of the Probate Court for Suffolk County appointing an administrator of the estate of William C. Hodgdon, a minor, and to vacate all proceedings upon the same.   The minor died on February 5, 1880.   The administrator was appointed on March 8, 1880, and his final account was allowed on June 28, 1880.   On September 10, 1885, a petition was filed by Dorcas H. Cummings, the sole heir at law of William C., to have the account reopened, on the ground of fraud.   On December 11, 1885, this petition was filed by her, on the ground that William C. Hodgdon was domiciled,

not in Suffolk, but in Barnstable County, at the time of his death.

At the time of the death of William C. Hodgdon's father, in April, 1867, the latter was domiciled in Roxbury, which is now part of Suffolk County. In the next month the widow and her son William removed to Barnstable, where she lived until she died. But whether she ever changed her domicil to that county, and, if so, when she did so, is not stated. The respondent was appointed guardian of William C., whether before or after the removal to Barnstable is not stated, but we presume before the widow's change of domicil, if she did change it. The guardian never changed William's domicil, but always intended that he should return to Boston. *Kirkland* v. *Whately*, 4 Allen, 462, 464. On these facts, we do not perceive how we could say that William's domicil was ever changed from Roxbury, or, Roxbury having been part of Suffolk County since 1868 (St. 1867, c. 359), how we could decide that the proceedings instituted in 1880 were void for want of jurisdiction. St. 1867, c. 359, § 3. *Harding* v. *Weld*, 128 Mass. 587. Pub. Sts. c. 156, § 2.

But, however this may be, it is now too late to contest the jurisdiction on the ground of the residence of William C. Hodgdon. The time for appealing from the decree assuming jurisdiction and appointing the administrator has gone by, and the statute does not allow the objection to be taken except by appeal. Pub. Sts. c. 156, § 4. See Report of Commissioners on Rev. Sts. c. 83, § 11. The point has been decided in Maine upon a similar statute. *Record* v. *Howard*, 58 Maine, 225. See *Derome* v. *Vose*, 140 Mass. 575.

The suggestion in argument from the petitioner, that the proceedings in the Probate Court were procured by fraud, is wholly unwarranted by the facts agreed.

*Decree of Probate Court reversed.*