WILLIAM W. DALLINGER *vs.* GEORGE F. RICHARDSON
& another, executors.

SAME *vs.* SAME.

Middlesex.   January 15, 1900. — May 16, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Action against Executor for Taxes — Domicil — Effect of Adjudication of Probate Court — Estoppel of Record — Estoppel in pais.*

A person domiciled in this Commonwealth who, upon his appointment to a judicial office under the government of the United States, resigns a judicial position held by him here, sells his house situated in C. in this Commonwealth, erects a house in Washington, lives there and holds his judicial office continuously for over twenty years and until his death, buys a burial lot there and causes several

members of his family to be buried therein, may be found, in an action against his executor to recover taxes assessed in C. on his personal estate after his death, not to have been an inhabitant of C. at the time of his death, although after his removal from C. he described himself in various deeds and in his will as of C., and declared orally that he had not given up his residence therein, and although by the petition for the probate of his will and by the decree thereon he was described as an inhabitant thereof.

An adjudication of the Probate Court upon the question of the residence of a testator at the time of his death is conclusive under the Pub. Sts. c. 156, § 4, so far as respects its own jurisdiction, but is not conclusive upon that question if it is in controversy in another tribunal in a matter not involving the validity of an order or decree of the Probate Court, or some proceeding thereunder.

An executor against whom an action is brought to recover taxes assessed in C. upon the estate of his testator is not estopped of record to deny the residence of his testator in C. by an adjudication of the Probate Court admitting the will to probate that the testator was an inhabitant of C.; nor is he estopped therefrom *in pais* by a statement in writing to the assessors of taxes of C. after the assessment of the taxes that the estate had been paid over and was no longer in his possession, if there is no evidence that the statement was made with the intent that the assessors should rely, or that they did rely, thereon.

TWO ACTIONS OF CONTRACT, by the collector of taxes of the city of Cambridge, to recover the taxes assessed upon the personal property of the defendants' testator, under the provisions of Pub. Sts. c. 11, § 20, cl. 7. Trial in the Superior Court, without a jury, before *Maynard*, J., who reported the case for the determination of this court, in substance as follows.

The defendants' testator, William A. Richardson, died in Washington, D. C., on October 19, 1896, leaving a will in which he described himself as " a citizen and inhabitant of Cambridge in the county of Middlesex and Commonwealth of Massachusetts." The defendants applied to the Probate Court for the county of Middlesex for probate of the will by a petition which described the deceased as " William A. Richardson, who last dwelt in Cambridge," and the decree admitting the will to probate described the testator as " late of Cambridge." Evidence was offered and admitted, subject to the exception of the plaintiff, that the deceased was born, educated, and admitted to the bar in this Commonwealth; that he resided for several years in Lowell, during which time he held offices under the city and the Commonwealth; that he was appointed judge of probate and insolvency for the county of Middlesex, and then removed his residence to Cambridge, where he acquired a domicil and lived in a house which he owned. In 1872 he was appointed assist-

ant secretary of the treasury of the United States, and resigned his office of judge of probate and insolvency. In 1873 he was appointed secretary of the treasury. While holding the two offices last named he retained his domicil and residence in Cambridge. In 1874 he was appointed a judge of the Court of Claims, and held that office until 1885, when he was appointed chief justice of the same court, and continued to hold that office until his death. In 1875 the deceased sold his house in Cambridge, and thereafter had no property of any kind in that city, performed no acts of citizenship therein, never remained there over night, and visited it only three or four times when he attended the reunion of his class on Commencement Day at Harvard University, and when he deposited his will in the registry of probate. In 1885 he erected a house in Washington, where he lived with his family until his death. He also purchased a burial lot there, in which the bodies of members of his family were buried. He told the register of probate for the county of Middlesex, in June, 1892, that he had never given up his residence in Cambridge, and did not consider himself a resident of Washington, and he made some other declarations tending to show that his domicil was in Washington. The defendants, after the assessment of the taxes, gave notice in writing to the assessors of Cambridge that pursuant to an order of the Probate Court they had paid over the estate of the testator to trustees appointed under the will by the Supreme Court of the District of Columbia, and that they had no property whatsoever in their possession as executors, nor had any part been paid or distributed to any persons who were inhabitants of Massachusetts.

The plaintiff offered in rebuttal of the foregoing evidence various conveyances of land by the deceased between 1885 and 1896, in which he described himself as " of Cambridge, Massachusetts, Chief Justice of the Court of Claims at Washington, D. C.," and a receipt given to him upon the deposit of his will in the registry of probate in which he was described as of Cambridge.

At the close of the evidence the plaintiff requested the judge to rule, 1. That the plaintiff is entitled to recover; 2. That the domicil of the testator at the time of his death was in Cam-

bridge; 3. That the defendants are estopped to deny that the residence of the deceased was not in Cambridge.

The judge declined so to rule, and the plaintiff excepted. The judge found that " for many years prior to and up to the time of his death he (the testator) had the intention and purpose of not returning to Cambridge to live, but of always remaining, living, and having his home in Washington," ruled that the testator was not an inhabitant of Cambridge at the time of his death, and found for the defendants.

If the evidence was admissible, and the finding and ruling were correct, judgment was to be entered on the finding.

*G. A. A. Pevey*, for the plaintiff.

*W. H. Moody*, (*F. N. Wier* with him,) for the defendants.

HAMMOND, J. Upon the evidence the court was justified in finding that for many years prior to and at the time of his death the only home of the testator was in Washington, and that " for many years prior to and up to the time of his death he had the intention and purpose of not returning to Cambridge to live, but of always remaining, living, and having his home in Washington "; and upon these and the other facts found as stated in the report, the ruling that the " testator was not an inhabitant of Cambridge at the time of his death " was correct, and the ruling must stand as the law of the case unless the proceedings which have taken place in the Probate Court of Middlesex County conclusively show that for the purposes of this case the residence of the testator at the time of his death must be regarded as in Cambridge. The plaintiff contends that those proceedings are thus conclusive, and that parol testimony is inadmissible to vary or contradict the record.

For the purposes of this discussion we assume without deciding that it sufficiently appears by the record of the Probate Court that the court found that the residence of the testator was in Cambridge, and that jurisdiction was assumed upon that ground.

Prior to Rev. Sts. c. 83, § 12, where, upon a petition for administration, the Probate Court had adjudicated upon the place of residence of the deceased, and upon that adjudication had assumed jurisdiction and proceeded to the settlement of the estate, the true place of residence was open to inquiry in collateral proceedings, even though such an inquiry should result in

showing that the adjudication was wrong and the subsequent proceedings were all void for want of jurisdiction. The authorities on this are reviewed, and the reasons for the rule are stated in *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87.

Rev. Sts. c. 83, § 12, with some unimportant changes, is now Pub. Sts. c. 156, § 4, and is as follows: " The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceeding, except in an appeal in the original case, or when the want of jurisdiction appears on the same record." Doubtless this provision was inserted in the Revised Statutes in consequence of several prior decisions of this court, such as *Cutts* v. *Haskins,* 9 Mass. 543, where the law as then existing seemed sometimes to work hardship to innocent persons. See note to this section by the commissioners on the Revised Statutes.

Since this statute, whenever there appears upon the record of the Probate Court an adjudication, whether in accordance with the truth or not, as to the residence of a person, the jurisdiction of the court, so far as it depends upon that question, is conclusively presumed in any proceeding involving the validity of any order or decree of the court, or of any proceedings thereunder. In the case now before us that rule is applicable to the defendants. They cannot deny the validity of their appointment as executors, nor that if the plaintiff's claim is due they are answerable for it. *McFeely* v. *Scott,* 128 Mass. 16. *Derome* v. *Vose,* 140 Mass. 575. *Cummings* v. *Hodgdon,* 147 Mass. 21. It is to be noted, however, that the thing which cannot be contested is the jurisdiction of the court, and that the statute does not say that the place of residence shall not be contested in any other proceeding.

The taxes upon which this suit is brought were assessed by the assessors of Cambridge under Pub. Sts. c. 11, § 20, cl. 7, the material parts of which are as follows: " The personal estate of deceased persons shall be assessed in the place where the deceased last dwelt. Before the appointment of an executor or administrator it shall be assessed in general terms to the estate of the deceased, and the executor or administrator subsequently appointed shall be liable for the tax so assessed in like manner as though assessed to him."

The assessment of taxes upon deceased persons is not the act of the Probate Court, and the taxes may be assessed whether the court appoints an executor or not. If the tax were assessed by the court as a part of the settlement of the estate, then in proceedings to enforce it the jurisdiction of the court, so far as respects residence, would be conclusively presumed.

But the tax is not assessed by the Probate Court, and the question of its validity involves no inquiry into the jurisdiction of the court. The adjudication of the Probate Court as to residence is conclusive so far as respects its own jurisdiction, but no further. It cannot be held to shut off all inquiry into the question of residence when that question is being investigated by another tribunal, in a matter not involving the validity of any order or decree of that court or some proceeding thereunder.

Under the facts found in this case, the testator was not in fact a resident of Cambridge at the time of his death. The question whether he was such a resident was before the assessors of Cambridge acting as public officers. If he was such a resident, then it was their duty to tax him, otherwise not. That question was to be decided by them in the first instance, and neither the jurisdiction of the Probate Court nor the validity of any decree of the court was to be affected by their decision.

Suppose, for instance, that the testator was at the time of his death a resident of Worcester, and his estate taxable there, could it be held that the adjudication by the Probate Court of Middlesex County that he was a resident of Cambridge was conclusive upon the assessors of Worcester? To so hold would stretch the statute far beyond its plain reading, for it would make the adjudication of the court as to the residence of the person conclusive not only for the purpose of its own jurisdiction, but upon any other tribunal acting independently of the court.

To confine the legal force and effect of the adjudication of the Probate Court as to the residence of the person to its effect upon its own jurisdiction to settle the estate is to keep within the plain reading of the statute, and is in accordance with the purpose for which it was enacted.

Nor is there any estoppel of record. Neither the assessors of Cambridge nor the plaintiff were parties to the proceedings in

the Probate Court.   There is no mutuality.   *Braintree* v. *Hing-ham*, 17 Mass. 432.   *Brigham* v. *Fayerweather*, 140 Mass. 411.

There was no estoppel *in pais.*   There is no evidence that the defendants made whatever statements they did make with the intent that the city should rely upon them, nor that the assessors did rely upon them.   *Tracy* v. *Lincoln*, 145 Mass. 357. *Stiff* v. *Ashton*, 155 Mass. 130.   *Lincoln* v. *Gay*, 164 Mass. 537. *Traders' National Bank* v. *Rogers*, 167 Mass. 315.   *Shepard & Morse Lumber Co.* v. *Eldridge*, 171 Mass. 516.

Upon the terms of the report there must be

*Judgment on the finding.*