CRAVENS *v.* COOK, COMMISSIONER OF REVENUES.

4-8262                                    204 S. W. 2d 909

Opinion delivered October 20, 1947.

Rehearing denied November 10, 1947.

*Warner & Warner,* for appellant.

*O. T. Ward,* for appellee.

ROBINS, J.   Appellant asks us to reverse judgment of the lower court by which he was found liable to the State of Arkansas for income tax for each of the years from 1940 to 1944, inclusive.

There is no dispute as to the facts in this case. Appellant concedes that he has paid no income taxes to the State for the named years, and there is an agreement as to the amount due from him, if he is liable for any such tax.

Appellant's sole contention is that he was a nonresident of the State of Arkansas within the meaning of the term as used in the Income Tax Act of 1929 (Act 118 of the General Assembly, approved March 9, 1929), and that as a nonresident he was not liable for any tax, since no part of his income was earned within the state.

During all the years involved appellant was the representative of the fourth district of Arkansas in the Congress of the United States.

It was stipulated as follows: "That the defendant is the duly elected, qualified and acting Representative in the Congress of the United States from the Fourth Congressional District of Arkansas; that the defendant is a qualified elector of Sebastian county, Arkansas, and that when the Congress is in session he resides in the city of Washington to enable him to attend to his duties as such Representative; that when Congress is not in session he sometimes returns to Arkansas and remains there until the next Congress convenes; that during the periods covered by this suit he has actually remained in the city of Washington in each year for which income tax is claimed, for more than six months; that in none of said years has the defendant maintained a place of abode in the State of Arkansas; that in each of said years he has maintained continuously a place of abode in the city of Washington; that in each of said years the Congress has been in session in the city of Washington for more than six months and that the defendant has in each of said years been present at that place attending the sessions of Congress for more than six months in each said year."

The following definitions in the Income Tax Act of 1929 are relevant here:

Section 14025, Pope's Digest, Subdivision (9). "The word 'resident' means natural persons and includes for the purpose of determining liability to the tax imposed by this Act upon or with reference to the income of any taxable year, any person domiciled in the State of Arkansas and any other person who maintains a permanent place of abode within the State and spends in the aggregate more than six months of the taxable year within the State."

Section 14025, Pope's Digest, Subdivision (10). "The word 'nonresident' when used in connection with this Act, shall apply to any natural person whose domicile is without the State of Arkansas, or who maintains a place of abode without the State, and spends in the aggregate more than six months of the taxable year without the State."

Since it is conceded that appellant was an elector of Sebastian county, and since under the Constitution a person, to be an elector of a county, must be a resident of such county, there is a presumption that appellant was a resident of that county; and since under Art. I, § 2, of the Constitution of the United States, a representative in Congress must, when elected, be an inhabitant of the state in which he is chosen, there is also a presumption that when elected to Congress appellant was an inhabitant of Arkansas. *State* v. *Steele,* 33 La. Annual, 910; *Dallinger* v. *Richardson,* 176 Mass. 77, 57 N. E. 224; *Firth* v. *Firth,* 50 N. J. Eq. 137, 24 Atl. 916; *Hammond* v. *Hammond,* 103 App. Div. 437, 93 N. Y. S. 1.

But in this case resort to presumptive evidence as to appellant's residence or domicile is not necessary, because in his brief here he concedes "that the defendant is not, and has never claimed to be other than a 'resident' or a 'domiciliary' of this state as those terms are ordinarily, and apart from statutory remodeling, customarily understood. . . . unquestionably his legal and only domicile is in Arkansas."

Appellant argues, however, that under the last clause (Subdivision (10) of § 14025, Pope's Digest) it must be

held that appellant is a nonresident, within the meaning of the tax law, because it was stipulated that he had maintained a place of abode without the state and had spent more than six months of each year without the state.

We cannot agree with this contention. We think the words "place of abode" as used in this Act mean something more than a place of temporary sojourning, and that they imply a degree of permanence that did not attach to, appellant's stay in Washington. This court has frequently held that "place of abode" as used in our statute relating to service of process means a place where a person has fixed his permanent home, and that a given place may be a "place of abode" of a party, though he may be actually absent therefrom for a long period of time. *Du Val* v. *Johnson,* 39 Ark. 182; *McGill* v. *Miller,* 183 Ark. 585, 37 S. W. 2d 689; *Shephard* v. *Hopson,* 191 Ark. 284, 86 S. W. 2d 30; *Husband* v. *Crockett,* 195 Ark. 1031, 115 S. W. 2d 882. In the last cited case we held that "usual place of abode" is synonymous with residence.

The stipulation shows that appellant was a resident of Arkansas, and did not establish or maintain without the state such a "place of abode" as would constitute him a nonresident.

The judgment of the lower court was correct and is affirmed.