MICHAEL McFEELY, administrator, *vs.* PETER B. SCOTT.

Suffolk. April 1, 5. — July 26, 1879. AMES & LORD, JJ., absent.

SAME *vs.* SAME.

Middlesex. November 18. — 19, 1879. MORTON & SOULE, JJ., absent.

Under the Gen. Sts. c. 117, § 4, it is no defence to an action by an administrator, that his appointment as administrator was procured by his fraud and false statements respecting the place of residence of his intestate, unless the want of jurisdiction in the Probate Court to appoint appears of record.

A., who had been appointed administrator of B., brought an action at law against C. to recover money entrusted to C. by A.'s intestate; and cited C. to appear in the Probate Court to be examined concerning B.'s property in his hands. C. set up in defence of both proceedings that A.'s appointment was procured by his fraud and false statements respecting the residence of his intestate, and that the Probate Court had no jurisdiction to appoint him. A justice of this court

reported the facts in the action at law for the determination of the full court, and reversed an order of the Probate Court directing C. to answer, on the ground that that court had no jurisdiction to appoint A. on account of his fraud and false statements in procuring his appointment. A., relying on the report of the action at law, and supposing that C. would abide the determination of this court thereon, omitted to seasonably take an appeal from the order in the probate proceeding. *Held,* that a petition for leave to appeal, under the Gen. Sts. *c.* 113, § 13, on the ground of mistake, should be granted.

THE FIRST CASE was an action of contract for money had and received. The declaration alleged that Bernard McFeely in his lifetime entrusted certain funds to the keeping of the defendant; that Bernard subsequently died, and the plaintiff was on October 24, 1876, duly appointed his administrator by the Probate Court for the county of Middlesex; and a demand upon the defendant, and his refusal to pay. The defendant filed an answer in abatement, denying the jurisdiction of the Probate Court to grant letters of administration to the plaintiff, alleging that the intestate never was an inhabitant of, or a resident in, the county of Middlesex, and left no estate to be administered therein; and that administration was fraudulently obtained by the false representations of the plaintiff.

At the trial in this court, without a jury, *Lord,* J., found the allegations of the answer in abatement to be true, and reserved for the determination of the full court the question whether judgment should be entered for the defendant.

*H. Stevens,* for the plaintiff.

*A. A. Ranney,* for the defendant.

COLT, J. It is provided by statute, that the jurisdiction assumed in any case by the Probate Court, " so far as it depends on the place of residence of a person, shall not be contested in any suit or proceeding, except in an appeal in the original case, or when the want of jurisdiction appears on the same record." Gen. Sts. *c.* 117, § 4. Rev. Sts. *c.* 83, § 12.

It appears from the records of the Probate Court in this case, that the only ground alleged in the plaintiff's petition for the grant of administration in Middlesex is that the intestate last dwelt in Cambridge in that county. The appointment of the plaintiff upon this petition implies that the court passed upon the question of residence, and assumed jurisdiction because of the intestate's residence in that county. There is nothing, there-

fore, in the record which shows want of jurisdiction, and the case is brought clearly within the provisions of the statute.

Before this statute was enacted, it had been often decided, that, where jurisdiction was assumed in the wrong county, all proceedings under the grant of administration were absolutely void; and that the fact that the Probate Court had passed on the question was not enough to exclude any other court from inquiring into it. See *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and cases there cited. As to other parties innocently deriving title from, or dealing with, an administrator illegally appointed, the application of the rule was often attended with hardship, and the purpose of this section of the statute doubtless was to protect such parties by making the decree of the Probate Court in all collateral proceedings conclusive on the question of the intestate's residence. The commissioners for the revision of the statutes, in a note to this section, say that "creditors, heirs, legatees, and all others interested in the question, have a right to appear in the original suit, and contest the jurisdiction; and if they omit to do so, they cannot justly complain of the decision. As to all other persons, it is a matter of indifference, whether the estate is settled" "in one county or another."

The only fraud and false statements of the plaintiff in procuring letters of administration related to the intestate's place of residence. To allow the defendant to defeat this action by proof of such fraud and false statements only, would be to allow a party, upon the question of the residence of the intestate, to contest the jurisdiction of the Probate Court, in a suit which is "not an appeal in the original case," in violation, as we think, of the spirit and letter of the statute.

*Answer in abatement adjudged bad.*

THE SECOND CASE was a petition filed October 2, 1879, for leave to appeal from a decree of a single justice of this court sustaining an appeal taken by Peter B. Scott from an order of the Probate Court of the county of Middlesex.

The petition set forth the proceedings in the first case; and further alleged that on December 1, 1876, the petitioner cited Scott to appear before the Probate Court of the county of Mid-

dlesex to be examined as to the estate of Bernard McFeely in his possession, under the Gen. Sts. *c.* 96, § 6; that Scott appeared and refused to be examined, on the ground that the court had no jurisdiction to appoint the petitioner administrator, for the reasons set forth in the answer in abatement in the first case; that the Probate Court ordered him to answer; and he appealed to this court; that his appeal was heard and dismissed by a single justice of this court, and he alleged exceptions which were allowed; that on February 7, 1879, the first case was by agreement of parties reported for the determination of the full court; and at the same time the single justice reconsidered his ruling, sustained the appeal from the Probate Court, and decreed as follows: " That the order of said Probate Court requiring said Scott to answer be reversed, said court having no jurisdiction of the subject-matter in which said decree was passed."

The petition further alleged, that the questions of want of jurisdiction and fraud were precisely the same in both cases; and that it was understood and agreed between the parties, by their respective counsel, that these questions should be submitted to and decided by this court upon the facts as agreed in the first case; that the petitioner always regarded the decision rendered on the probate appeal as merely a *pro forma* judgment, not doubting that the decision of this court upon the questions so distinctly stated and upon the facts agreed would be deemed final, and be acquiesced in by Scott; and therefore omitted to claim an appeal in the time allowed by law; and that on September 19, 1879, Scott in his answer to the merits in the first case set up the decree on the probate appeal as a defence.

*Stevens*, for the petitioner.

*Ranney*, contra.

GRAY, C. J. The petitioner shows a clear case of mistake, upon which he should be granted leave to appeal. Gen. Sts. *c.* 113, §§ 13, 14. If the question that he desires to bring before us is not sufficiently presented by the record of the decree appealed from, (which we by no means intimate,) he may apply to the justice who made that decree for a report of the facts on which it was based. *Wright* v. *Wright*, 13 Allen, 207.

*Leave to appeal granted.*