JEREMIAH L. EDDS & wife, appellants.

Suffolk.    March 24. — June 27, 1884.    DEVENS & COLBURN, JJ., absent.

It is no objection to the maintenance of a petition by a husband and wife to the
Probate Court, under the Pub. Sts. c. 148, for the adoption of a child, alleged
to be of unknown parentage and a foundling, that the petition does not also
allege that the child is not one of the class excepted in § 1.

The question of the sufficiency of service of an order of notice issued by the Pro-
bate Court, under the Pub. Sts. c. 148, upon a petition for the adoption of a
child, is for that court; in deciding it, that court is not confined to the return;
and, on an appeal to this court, will be presumed to have satisfied itself that the
return was properly made.

Under the Pub. Sts. c. 148, the Probate Court may decree the adoption of a child,
whose parents are unknown and are not brought within any of the exceptions
of § 3, and who has no guardian, and has not been given up in writing, for the
purpose of adoption, to a charitable institution incorporated by law; and the
Probate Court, after the notice required by § 4 has been given, may appoint a
guardian *ad litem* for such a child, with power to give or withhold consent to
the adoption.

W. ALLEN, J.    Upon a petition to the Probate Court for the
adoption of a child whose parents were unknown, a guardian *ad
litem*, with power to give or withhold consent, was appointed,
under the Pub. Sts. *c.* 148, § 5.    The guardian, before either
giving or withholding his consent, very properly presented to
the court certain questions respecting his authority to act in the
matter.    The court sustained one of the objections raised by
the questions, and, on that ground alone, ordered the petition to
be dismissed; and the petitioners appealed to this court.    The
objections have all been argued as affecting the jurisdiction of
the court, and we have considered them as all open upon the
appeal.

It is objected that the petition is insufficient, because it does
not allege that the child whose adoption is sought is not the
sister or aunt of the petitioners, or either of them.    Without
considering whether these are not sufficiently included in the
allegation that the child is a foundling, whose parents are un-
known, we do not think that the technical rules of pleading
should be stringently applied in a proceeding of this kind.    It
is more important that the petition should contain facts relating
to the child and its parents, which may give information to those
interested, than that it should be formally correct as a pleading.

If practically insufficient, the Probate Court can order an amendment. In this case the court properly declined to sustain the objection.

The next objection is that the return of service of the order of notice is not sufficient.* The question whether proper service was made was for the Probate Court, and, in deciding it, the court was not confined to the return made, and must be presumed to have satisfied itself that the service was properly made.

The next objection presents the question whether the statute authorizes the adoption of a child whose parents are unknown, and are not brought within any of the exceptions of § 3, and who has no guardian, and has not been given up in writing for the purpose of adoption to a charitable institution incorporated by law.

Section 2 requires the consent, except as subsequently provided, (among others not material to this case,) of the parents or surviving parent, and of the guardian, if any, of the child, " or of the person or persons substituted for either of the above-named by the provisions of this chapter." Section 5 provides for the appointment in certain cases of a guardian *ad litem*, with power to give or withhold consent. A guardian so appointed has power to give consent, and is a " person substituted " within the meaning of those words in § 2. It follows that, whenever the statute authorizes the appointment of such a guardian of a child, it gives the court jurisdiction to order the adoption of the child, so far as consent under § 2 is necessary. Section 5 authorizes the appointment of such a guardian in all cases in which no one appears upon the notice required by § 4. It provides that any person not opposing and objecting to the adoption shall be deemed to have consented thereto; and adds, " if no one consents or appears, the court may, if it sees fit, appoint a guardian *ad litem* with power to give or withhold consent." The provisions of § 5 are limited to cases where notice has

---

* The order of notice required personal service on all persons interested, or, if not found within the State, service by publication in a certain newspaper. The return, signed by the first-named petitioner, was as follows: " I have served the foregoing order, as therein directed, by publication as directed."

been given under § 4, and are applicable to all cases in which notice is required under that section. The language of § 4 is, " When the written consent required by the preceding sections is not submitted to the court with the petition, the court shall order notice by personal service on the parties of a copy of the petition and order thereon, or, if they are not found within the Commonwealth, by publication," &c, and in any case may require such additional notice and consent as may be deemed proper. This language would seem to be susceptible of but two constructions as to the cases in which notice is required : one limiting it to cases in which a consent, which appears from the petition to be required in the particular case, is not submitted ; and the other extending it to all cases in which no written consent is filed with the petition. The latter is the construction given to it by this court in *Humphrey, appellant, ante,* 84. It is argued that this provision may apply to, and be limited to, all cases in which there are known parents whose consent is not given, whether they are parents whose consent is required, or those within the exceptions of § 3. But the language does not admit of that construction ; it includes all cases in which the written consent is required, and under the decision in *Humphrey, appellant,* that must mean all cases in which a consent is required by § 2, including the cases excepted by § 3. The consent of unknown parents, or their substitute, is required by that section ; otherwise, no question could have arisen in this case. Section 1 would authorize the adoption without the consent of any one. It follows that the notice required by § 4 is a notice to all persons interested, and affects all parties in interest with notice ; and the unknown parents not having opposed, the court had authority to appoint a guardian *ad litem,* who would be their substitute to give or withhold consent, and, upon the consent of such guardian, to decree the adoption.

The result thus reached from the language of the statute is confirmed by considering the provision in connection with the whole statute and the course of legislation, in view of the broad question whether the Legislature intended that children whose parents were unknown should be subject to adoption. The Pub. Sts. *c.* 148, is a reënactment of the St. of 1876, *c.* 213, which was a revision of previous statutes. The St. of 1851, *c.* 324, was the

first statute authorizing the adoption of children. It required the written consent of parents, if living; or, if not living, of guardians; if no guardian, of next of kin in the State; and, if there were no such next of kin, authorized the judge of probate to appoint a next friend to give or withhold consent. The St. of 1853, c. 31, provided that, when a child had no known parent or next of kin, and no legal guardian, the judge of probate might appoint a next friend to give or withhold consent, and required in such case notice by publication in some newspaper in the Commonwealth. This provision of the St. of 1853 was omitted in the Gen. Sts. c. 110, and the above provisions of the St. of 1851, c. 324, were reënacted. The St. of 1864, c. 213, made particular provision for the case where parents entitled to notice were unknown, authorizing the court, on affidavit that they could not be found, to order notice by publication, and, if the parents did not appear after such notice, in its discretion to appoint a next friend to give or withhold consent. The St. of 1871, c. 310, repealed and revised all the statutes in regard to adoption. It required the written consent of the surviving parent or parents of the child, and of the guardian if any, but made several exceptions, one of which was that of unknown parents. This provision continued in force until the revision by the St. of 1876, so that, at the time of the enactment of that statute, a child under fourteen years of age, whose parents were unknown, and who had no guardian, might be adopted without any notice by publication or otherwise, and without the written consent of any one. In regard to children whose parents were both dead, the St. of 1871 changed the provisions of the St. of 1851 by leaving out the appointment of a next friend, and provided that the guardian, if any, and, if none, the visiting agent of the board of state charities and the next of kin in this State might give consent. The St. of 1872, c. 311, repealed this provision, and required, in place of it, notice to the guardian, if any, and to the next of kin in the State, and, in certain cases, to the visiting agent of the board of state charities.

In regard to notice, the first statute requiring it, after the St. of 1853, c. 31, which has been referred to, was the St. of 1859, c. 61, which, after providing that the consent of a parent who had wilfully deserted and neglected to provide for the child

should not be required, provided that, "whenever any parent shall not consent to the adoption of his child," the court shall order notice. The Gen. Sts. c. 110, reënacted this provision, with the addition that like notice should also be given when the child has no parent living, and no guardian or next of kin in the State. The provision for notice in the case of children whose parents are unknown, in the St. of 1864, c. 213, has been referred to. The only provision for notice in the St. of 1871, c. 310, was in § 5; that "whenever the parent, if living, does not consent," the court shall order notice. The St. of 1872 added to this a proviso that notice should not be required to any parent whose consent was dispensed with by the statute.

It seems then that, prior to the St. of 1876, c. 213, personal notice was required to the guardian, if any, and next of kin, if any in the State, of a child whose parents were both deceased, and notice personal or by publication to a parent who was living, and had not consented, and did not come within the exceptions of the statute making his consent unnecessary; but no notice or consent was required in the case of a child whose parents were unknown, or whose parents were deceased, and who had no guardian or next of kin within the State; though the authority to decree adoption of the former was expressly given.

In revising these provisions, the St. of 1876, c. 213, omits the provision of notice to guardians and next of kin, and makes no mention, in words, of children whose parents are deceased or unknown, but they seem to be included in provisions simple and comprehensive. Section 2 requires in all cases not coming within the exceptions of §§ 3 and 4, (Pub. Sts. c. 148, § 3,) the written consent of a parent, guardian, or person substituted for them. The latter is a new provision. It provided, in §§ 5 and 6, (Pub. Sts. c. 148, §§ 4, 5,) that, in all cases in which the required consent is not submitted with the petition, notice shall be given, personal or by publication, as the case may require, and such other notice as the court may deem proper, and that, if no one appears in response to the notice, the court may appoint a guardian *ad litem*, who may give or withhold consent, thus making him the substitute for the parents.

We think that the St. of 1876, c. 213, did not intend to omit all provision in regard to children whose parents were deceased

or unknown, and take away the right of adoption of such children, but to adopt, extend and simplify the former provisions in regard to orphans and foundlings, recognizing them as proper subjects for adoption, and requiring new safeguards by public notice and in the care of a specially appointed guardian.

The decree of the Probate Court dismissing the petition must be reversed, the petition sustained, and the case remanded to the Probate Court for further proceedings.    *Ordered accordingly.*

*A. L. Lowell*, for the petitioners.

*F. E. Parker*, guardian *ad litem, pro se.*