SIDNEY W. FARNSWORTH & others *vs.* ROBERT H. GOEBEL & another.

Worcester.    September 27, 1921. — October 13, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Adoption.   Probate Court,* Jurisdiction.   *Jurisdiction.*

Under G. L. c. 210, § 1, a probate court has jurisdiction to grant a petition for the adoption of a child resident in this Commonwealth to a person who is not an inhabitant of the Commonwealth.

Probate courts now are courts of superior and general jurisdiction, and a decree of adoption cannot be attacked upon a petition for its revocation on the ground merely that in the petition for adoption the petitioner alleged that the child was "of " a town in the Commonwealth instead of alleging that the child was a resident of such a town, since it must be assumed, in the absence in the record of facts to the contrary, that all essential jurisdictional facts were proved at the hearing when the decree of adoption was granted.

Under G. L. c. 210, §§ 2, 4, unless the Probate Court otherwise orders, no notice need be given to a maternal uncle of a child, both of whose parents have died, of a petition for the child's adoption brought by his paternal aunt and her husband with the assent of the child's paternal grandparents and against the opposition of the child's maternal grandparents.

Upon the evidence reported by the judge of the Probate Court upon an appeal from a decree denying the petition for revocation above described, it was *held,* that a finding of the judge, that no false or fraudulent statements were made by the petitioners for adoption in procuring the decree, was fully warranted.

PETITION, filed in the Probate Court for the county of Worcester on August 21, 1920, and afterwards amended, by the maternal uncle and maternal grandparents of Madeline McClintock Goebel, for a revocation of a decree of that court of her adoption by Robert H. Goebel and Ethel M. Goebel.

In the Probate Court, the petition was heard by *F. H. Chamberlain,* J., a commissioner having been appointed to take the testi-

mony. Material facts found by him are described in the opinion. By order of the judge a decree was entered dismissing the petition. The petitioners appealed, and, at their request, the judge reported the facts found to this court.

G. L. c. 210, §§ 1–4, reads as follows:

"Section 1. A person of full age may petition the Probate Court in the county where he resides for leave to adopt as his child another person younger than himself, unless such other person is his or her wife or husband, or brother, sister, uncle or aunt, of the whole or half blood. If the petitioner has a husband or wife living, competent to join in the petition, such husband or wife shall join therein, and upon adoption the child shall in law be the child of both. If a person not an inhabitant of this Commonwealth desires to adopt a child residing here, the petition may be made to the Probate Court in the county where the child resides.

"Section 2. A decree for such adoption shall not be made, except as hereinafter provided, without the written consent of the child, if above the age of fourteen; of her husband, if she is a married woman; of the lawful parents or surviving parent; of the parent having the lawful custody of the child, if the parents are divorced or are living separately; of the guardian of the child, if any; of the mother only of the child, if illegitimate; or of the person substituted for any of the above named by this chapter. Illegitimacy shall in no case be expressly averred upon the record. A person whose consent is hereby required shall not thereby be debarred from being the adopting parent. If the child has been previously adopted, the consent of the previous adopting parent shall also be required.

"Section 3. The consent of the persons named in the preceding section, other than the child or her husband, if any, shall not be required if the person to be adopted is of full age, nor shall the consent of any such person other than the child be required if such person is adjudged by the court hearing the petition to be hopelessly insane, or is imprisoned in the State prison or in a house of correction in this Commonwealth under sentence for a term of which more than three years remain unexpired at the date of the petition; or if he has wilfully deserted and neglected to provide proper care and maintenance for such child for two years last preceding the date of the petition; or if he has suffered

such child to be supported for more than two years continuously prior to the petition by an incorporated charitable institution or as a pauper by a town or by the Commonwealth; or if he has been sentenced to imprisonment for drunkenness upon a third conviction within one year and neglects to provide proper care and maintenance for such child; or if such person has been convicted of being a common night walker or a lewd, wanton and lascivious person, and neglects to provide proper care and maintenance for such child. A giving up in writing of a child, for the purpose of adoption, to an incorporated charitable institution shall operate as a consent to any adoption subsequently approved by such institution. Notice of the petition shall be given to the department of public welfare, if the child is supported as a pauper by a town or by the Commonwealth, and if the child is supported by a town, notice shall also be given to the overseers of the poor thereof, and in Boston said notice shall be given both to the overseers of the poor and to the trustees for children.

"Section 4. If the written consent required by the two preceding sections is not submitted to the court with the petition, the court shall order notice by personal service on the parties of a copy of the petition and order thereon, or, if they are not found within this Commonwealth, by publication of the petition and order once in each of three successive weeks in such newspaper as the court orders, the last publication to be seven days at least before the time appointed for the hearing, and the court may require additional notice and consent. But if such child is of unknown parentage and is a foundling, publication as herein set forth shall not be required; but notice of the petition shall be given to the department of public welfare."

The case was submitted on briefs.

*F. J. Dunn, G. I. Haight & R. F. Bruce,* for the petitioners.

*J. W. Mawbey & H. W. Bowker,* for the respondents.

PIERCE, J. This case is an appeal from a decree of the Probate Court dismissing a petition for revocation of a decree of adoption. At the request of the petitioners the judge made a report to the court which contains all the material facts. These facts show that on February 7, 1919, a petition for the adoption of Madeline H. McClintock, then residing in Lancaster, Massachusetts, was filed in the Probate Court, at Worcester, Mas-

sachusetts. The petitioners were Robert H. Goebel, a resident of Berlin, New Hampshire, and his wife, Ethel M. Goebel. Madeline was born April 8, 1914. Her parents were deceased at the date of the petition, and the petitioner Ethel M. Goebel is her aunt, her father's sister. The paternal grandparents residing in Lancaster assented in writing to the granting of the petition, and counsel for the maternal grandparents entered his appearance in opposition. A guardian *ad litem* for Madeline was appointed, was present at the trial, made a verbal report and gave his assent. R. L. c. 154, § 4.

The petitioners for revocation of the decree contend that the Probate Court under R. L. c. 154 (see now G. L. c. 210), cannot grant a petition for adoption to a non-inhabitant of the Commonwealth unless such person shall have his domiciliary residence within this Commonwealth. This position is unsound. The change in phrasing "Any inhabitant of this Commonwealth" contained in St. 1851, c. 324, § 1, Gen. Sts. c. 110, § 1, to "Any person" in St. 1871, c. 310, § 1, and in all subsequent statutes, manifestly was intended to permit the adoption of resident children by petitioners who were domiciled in another State, and was not merely to remove the necessity of the petitioner being both an inhabitant and a domiciled resident. *Stearns* v. *Allen,* 183 Mass. 404, 407.

The petitioners next contend that the petition for adoption was insufficient in alleging the place of residence of the petitioners or of the child. This contention is founded upon the assumption and declaration that "A probate court of Massachusetts is a court of limited jurisdiction;" that "The fact of residence is jurisdictional; that is, residence is essential to jurisdiction of the Probate Court." The short answer to this position is that probate courts since St. 1891, c. 415, § 4, are courts of superior and general jurisdiction, and are of the same dignity as common law and equity courts. *Renwick* v. *Macomber,* 233 Mass. 530. It therefore must be assumed, in the absence in the record of facts to the contrary, that all essential jurisdictional facts were proved at the hearing.

The petitioners next contend that the decree should be revoked because one of them, Sidney W. Farnsworth, a maternal uncle of Madeline, had no notice of the petition for adoption.

The Probate Court in this regard ruled that notice to the uncle was not required under R. L. c. 154, § 2. This ruling was right. The statute enumerates the persons and their relationship to the person sought to be adopted; it further provides for the assent of a person substituted by the court for the persons enumerated in § 2. The petitioner Farnsworth is not by reason of his relationship to Madeline within the enumeration of persons entitled by the statute to notice of the proceedings, or to give or withhold consent thereto, and was not appointed under the statute a substitute for any of them. _Edds, appellant,_ 137 Mass. 346.

Finally the petitioners ask that the decree be revoked because the petitioners for adoption practised misrepresentation and fraud upon the court. To this charge the Probate Court found as a fact "that no false or fraudulent statements were made by them in this matter;" and an examination of the reported evidence and facts leads us to the conclusion that this finding was fully warranted.

It follows that the entry should be decree affirmed.

_Ordered accordingly._