GEORGE T. DEWEY, trustee, *vs.* GRACE M. M. BURKE &
others.

Worcester.    September 25, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, & JENNEY, JJ.

*Equity Pleading and Practice*, Master's findings, Exceptions to report.  *Trust*,
Accounting by trustee, Construction of instrument creating trust. *Devise
and Legacy*.

Exceptions to findings by a master, to whom was referred a petition by a
trustee for the allowance of an account covering more than twelve years,
in which the master charged the trustee with a substantial amount on
account of principal by reason of a shrinkage in value of real estate which
should have been avoided and with another substantial amount on account
of loss of income caused by negligence of the trustee, were overruled where
the evidence was not reported and subsidiary facts found by the master
were not inconsistent with the conclusions reached.
A further conclusion in the master's report above described, that interest
should not be charged against the trustee, was *held* not to have been un-
warranted, where it appeared that the trustee had been charged with all
moneys actually received and all losses due to his mismanagement, and that
he had made large advances from time to time from his personal funds with-
out making any charge for interest, and where the report furnished no
sufficient basis for a computation of interest.
The provisions of a trust created by a will were that the trustee should pay the
net income to a niece of the testator during her life and that, if " at any
time for any cause my Trustee shall determine that the net income of said
estate is not sufficient for the proper and comfortable support and main-
tenance of my said niece . . . and her children (if she shall have any) my
Trustee may with the approval of the Judge of the Probate Court . . . pay
to my said niece . . . from the principal of said estate from time to time
as may be best for her maintenance and support." *Held*, that
      (1) While the proper procedure before making payments to the niece
from principal would have been to obtain the approval of the Probate Court,
the will did not in terms require action by that court as a condition precedent
to payment;
      (2) If such payments were made and afterwards were approved by the
allowance by the Probate Court of an account of the trustee setting them
out, they were not as a matter of law unwarranted, and, if a master to whom

the account was referred, upon an appeal in 1917 from the decree of the Probate Court to the Supreme Judicial Court, found without a report of evidence that such payments were proper, an exception to such finding must be overruled.

PETITION, filed in the Probate Court on May 17, 1916, for the allowance of the first account of George T. Dewey, trustee under the will of Mary B. Defose, late of Worcester, the account covering the period beginning with June 24, 1903, and ending with September 1, 1915.

Schedule A in the account as filed amounted to $11,254.62; schedule B to $11,089.28; schedule C to $165.34, and schedules D and E each to $10,028.91.

In the Probate Court, a guardian *ad litem* was appointed for Ada M. Burke, Eleanor A. Burke and Dorothy A. Burke.

The petition was heard by *F. H. Chamberlain,* J., by whose order a decree was entered on September 20, 1917, that the accountant had failed to exercise due care and diligence in the management of the trust estate, and that by reason thereof the principal had been reduced by the sum of $4,200; that the accountant be charged in Schedule C with a cash balance of $4,365.34, and that the account be allowed as so modified.

On an appeal on October 19, 1917, to the Supreme Judicial Court for the County of Worcester, the matter was referred to a master. The master's conclusions were that the trustee had failed to exercise due care and diligence in the management of the trust property, and that by reason thereof there had been an avoidable loss in the sale value of the real estate of $2,500, and an avoidable loss of income from the trust estate of $1,400; that a deduction should be made from the charge for personal services of the trustee in the amount of $200, and for an error in the book account amounting to $20, so that the trustee should be charged in schedule C of his account with a cash balance of $4,285.34.

The guardian *ad litem* and beneficiaries in remainder under the trust objected and excepted to the report because the trustee was allowed a credit of $3,601.78 " for amount from principal paid over to Grace Mabel Mills Burke, one of the beneficiaries; " because the trustee " ought to have been

charged with the amount of property which came into his hands, to wit, $9,254.62, without any allowance for payments from principal, no such payments having been made, and no depreciation of said principal should have been allowed," and because the trustee had been allowed $400 for compensation for his services.

The exceptions were heard by *DeCourcy*, J., by whose order there were entered interlocutory decrees overruling the exceptions and confirming the report and a final decree charging the trustee with $4,285.34 in schedule C of his account and remanding the case to the Probate Court for further proceedings. The guardian *ad litem* and ultimate beneficiaries appealed.

*R. B. Dodge*, for the appellants.

*A. S. Houghton*, (*C. M. Thayer* with him,) for the appellee.

JENNEY, J. The questions involved relate to an account of the trustee appointed by the Probate Court for Worcester County under the will of Mary B. Defose. The case is here upon appeals from a decree confirming the report of a master and settling the account.

The trustee is charged with $3,900 because of his failure to exercise due care and diligence in the management of the trust; the appellants contend that this amount should be largely increased. It is unnecessary to recite the facts; the master, without any report of the evidence, found that the loss because of shrinkage which ought to have been avoided in the value of the real estate held in trust was $2,500. As the subsidiary facts determined are not inconsistent with this conclusion, it must be upheld. *Fuller* v. *Fuller*, 234 Mass. 187. The same result follows as to the loss of income caused by negligence of the trustee, because of which he has been charged with $1,400. The report shows no basis for a different result.

The conclusion of the master that interest should not be charged against the trustee, apparently because of these losses, ought not to be reversed. The trustee has been charged with all moneys actually received and all losses due to his mismanagement. Moreover, the report furnishes no sufficient basis for such computation, and the trustee

made large advances from time to time from his personal funds and did not make any charge for interest.

The will provided that after the death of the husband of the testatrix, the trustee should pay to Grace Mabel Mills " During her life all the net income of said estate from time to time as the same may accrue," and further " If at any time for any cause my Trustee shall determine that the net income of said estate is not sufficient for the proper and comfortable support and maintenance of my said niece, Grace Mabel Mills, and her children (if she shall have any) my Trustee *may* with the approval of the Judge of the Probate Court for the County of Worcester, pay to my said niece, Grace, from the principal of said estate from time to time as may be best for her maintenance and support." Except as hereinafter stated, no approval has been sought or given for any payment from principal for maintenance and support. However, the trustee has permitted the beneficiary, whose name by marriage is Burke, to receive and use rentals of the property held in trust in excess of the balance, above the amounts required to defray interest on a mortgage and for taxes, thus in effect charging such excess upon the corpus of the trust, and has paid to her other moneys. His account includes an item of charge of $3,601.78 against the principal as paid to Mrs. Burke for maintenance and support. This was allowed by the judge of the Probate Court after hearing. The master allowed the payments and found that they extended over a period of substantially twelve years, and that they were not excessive in amount, considering the needs and lack of other resources of Mrs. Burke.

It is now urged. that the will absolutely requires the approval of the judge of probate before making such payments. Undoubtedly the proper procedure would have been to obtain the approval of the judge before making the payments. The advancements were made at the risk of failure to secure it, and might have resulted in a permanent depletion of the trust. The provision clearly was created for the protection of persons whose rights might be affected and to prevent action without proper deliberation and independent

and unhampered approval. But the will does not in terms require the prior action of the judge. *Lumbert* v. *Fisher*, 245 Mass. 190. In the first instance the trustee was to determine whether a necessity existed. Sanction of the judge was not strictly a condition to the exercise of the power. The approval under the terms of this trust could be given after the advancements were made, and the allowance of these items of the account constituted a sufficient approval. *Emery* v. *Batchelder*, 132 Mass. 452. See *Libby* v. *Todd*, 194 Mass. 507; *Rhines* v. *Wentworth*, 209 Mass. 585; *Thompson* v. *DeVisser*, 219 Mass. 40. The judge of the Probate Court was the person designated in the will to act in the premises (see *Shaw* v. *Paine*, 12 Allen, 293; *National Webster Bank* v. *Eldridge*, 115 Mass. 424) and the propriety of the payments has also been upheld upon appeal.

The remaining exception to the master's report relates to the allowance of the trustee's compensation: it is not argued and is treated as waived.

*Decree affirmed.*