ROBERT S. BARDEN & another *vs.* J. WATSON FLANNERY, guardian.

Hampden.   December 9, 1925. — May 28, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Adoption.   Probate Court,* Jurisdiction.   *Guardian.*

A minor over fourteen years of age, who was a child of a woman of parts unknown and of whom a guardian had been appointed by the Probate Court, assented to the allowance of a petition for his adoption and the guardian in writing waived notice of a citation issuing upon the petition. There was service upon the mother by publication under an order of the court. On the return day of the citation, no one appeared to consent or to object to the granting of the petition. The judge, by a decree from which no appeal was taken, appointed a guardian *ad litem* under G. L. c. 210, § 2, with power to give or to withhold consent to the petition. During the hearing of the petition for adoption the probate guardian appeared in opposition. The guardian *ad litem* consented, and a decree of adoption was entered. The probate guardian appealed from the decree of adoption. *Held,* that the appeal had no standing.

PETITION, filed in the Probate Court for the county of Hampden on April 2, 1925, for the adoption of William E. Barry, born June 17, 1911.

Proceedings in the Probate Court are described in the opinion. From a decree entered by order of *Long,* J., granting the petition, the probate guardian of the minor appealed.

The case was submitted on briefs.

*J. W. Flannery, pro se.*

*J. Dearborn, A. C. Fairbanks,* & *F. J. Godfrey,* for the petitioners.

BRALEY, J.　The petitioners on April 2, 1925, filed in the court of probate a petition for leave to adopt John Harrington, otherwise known as William E. Barry, born June 17, 1911, a child of Catherine Harrington of parts unknown.　The order of notice dated April 14, 1925, and returnable May 6, 1925, directed personal service on her, or if she was not found within the Commonwealth, service was to be by publication. The child over fourteen years of age assented in writing to the adoption, and his probate guardian, the appellant, waived notice in writing of service of the citation, while service on the mother was by publication.　The court on May 6, 1925, entered the following decree.

"On the foregoing petition, it appearing that no one appears to consent or object thereto, Robert C. Parker of Westfield, in said county is hereby appointed guardian *ad litem* of said child, with power to give or withhold consent."

If under G. L. c. 210, § 2, the consent of the probate guardian was required, § 5, provides, "If, after such notice, a person whose consent is required does not appear and object to the adoption, the court may act upon the petition without his consent, subject to his right of appeal, or it may appoint a guardian *ad litem* with power to give or withhold consent."　The decree of May 6, from which no appeal was taken and which never has been reversed, was in accordance with the statute, and the consent of the guardian *ad litem* to the adoption was valid.　The general appearance of the guardian, which was not filed until the guardian *ad litem* had been appointed, and the merits had been partially heard, did not abrogate or modify the force and effect of the decree. *Sewall* v. *Roberts,* 115 Mass. 262, 275. *Edds, appellant,* 137 Mass. 346.　See *Dumain* v. *Gwynne,* 10 Allen, 270.　The

court had jurisdiction of the parties and of the petition, and the sole contention of the appellant, that the final decree granting the petition was erroneous because he never consented thereto, cannot be maintained.

*Decree affirmed.*