CHARLES ALBERT WILBUR *vs.* HERBERT K. HALLETT & another, executors.

Norfolk. February 7, 1940. — March 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Probate Court*, Decree, Accounts, Petition for recovery of legacy.

The allowance, after due notice and an opportunity to be heard thereon, of a final account of an executor of a will stating the payment of a legacy, precluded the legatee from maintaining a petition under G. L. (Ter. Ed.) c. 197, § 19, for recovery of the legacy on the ground that the executor, instead of paying it, improperly had set off against it payments made by a special administrator for care and upkeep of real estate devised to the legatee; it could not be said that the propriety of such a set off was not determined under c. 206, § 4, upon the hearing on the account.

PETITION, filed in the Probate Court for the county of Norfolk on December 16, 1938.

The case was heard by *McCoole*, J.

*A. L. Taylor*, (*F. J. Johnson* with him,) for the petitioner.

*C. C. Cabot* & *W. F. Coleman*, for the respondents, submitted a brief.

DOLAN, J. This is a suit in equity brought in the Probate Court (G. L. [Ter. Ed.] c. 197, § 19) wherein the petitioner seeks to recover a legacy of $1,000 bequeathed to him by the will of Clara M. Melvin, late of Brookline, deceased. Under the terms of the will (fifth codicil) the testatrix also devised to the petitioner certain real estate owned by her at the time of her death and located "at Woods Hole, Massachusetts, together with all furniture, furnishings and equipment of said place . . ." as they existed at the time of her death.

The case was heard by the judge upon the pleadings, certain documentary evidence and an oral statement of agreed facts, a stenographer having been appointed to take the evidence.

In their answer the respondent surviving executors of the

will of the deceased allege that the special administrator of the estate of the deceased, who had been appointed pending the outcome of a contest by the petitioner of probate of her will, had expended, by specific authority granted by the Probate Court upon a petition filed by him, $490.62, and also, without prior authorization, other sums, which were shown in his first and final account, allowed on May 21, 1935, for repairs, preservation and care of the Woods Hole real estate, all of which exceeded the petitioner's legacy. They further allege that the petitioner, although requested to pay to them the sums thus expended for the preservation of the real estate specifically devised to him, refused to do so, and that, having in their hands "the said legacy of $1,000 due and payable to . . . [the petitioner]," they applied the legacy in payment of their claim against him; and that "such application of said sum appears in the executors' first and final account allowed by . . . [the Probate] Court on July 13, 1938." The present suit was begun by the petitioner on December 16, 1938.

It is agreed that the final account of the respondents was allowed on July 13, 1938, and that "Under Schedule B of said account is shown a payment to Charles A. Wilbur, Jr. [the petitioner] as a distribution of the said legacy of $1,000." Other material facts are substantially as follows: The special administrator was appointed upon the petition of the present petitioner and others, in which they prayed that a special administrator be appointed, and that he "be authorized to take charge of all the real estate of said deceased and to collect rents and make necessary repairs . . . ." The judge entered a decree appointing a special administrator, and under its terms authority was conferred upon him to take charge of the real estate of the deceased as prayed for, since there was delay in granting letters testamentary. See G. L. (Ter. Ed.) c. 193, §§ 10, 11. Under § 11 it is provided that expenditures in connection with the care of real estate shall be a "charge thereon." On November 28, 1934, on petition of the special administrator, notice of which was accepted by the petitioner and others interested, the judge entered a decree, in which, after reciting that no one objected, he

authorized the special administrator to make "the neces-
sary repairs" and to pay the taxes upon the real estate in-
volved.  No question arises as to the taxes thus authorized
to be paid.  Since the testatrix died on May 31, 1934, the
taxes on the real estate apparently constituted a debt of the
deceased and not of the devisee.  The necessary repairs re-
ferred to in this decree were made up of items which totalled
$525, but on account of which the special administrator
expended but $490.62.  The special administrator made
other payments for the care and upkeep of the real estate in
question, without specific previous authority of the Probate
Court, which, together with the sum just before referred
to, amounted to $1,383.22.  All the items making up this
total sum were set forth in the special administrator's first
and final account which was allowed on May 21, 1935.  (See
*Dewey* v. *Burke*, 246 Mass. 435.)

The will and codicils thereto of the deceased were allowed
on April 22, 1935, about eleven months after her death.
The petitioner sold the real estate involved "in 1935 to an
outside party."  The judge entered a decree in which he
found that there was "a valid charge or debt due from
the petitioner to the estate of . . . [the deceased] in the
amount of $1,383.22 for expenditures made by a special
administrator of the estate of . . . [the deceased] for
repairs, preservation and care of property specifically de-
vised" to the petitioner, and in which he authorized the
respondent executors to set off the "said charge or debt
due from the petitioner to the estate of . . . [the de-
ceased] against the $1,000 legacy and interest thereon."
The petitioner appealed from this decree, and now contends
that the judge was without authority to order the expenses
of preservation of the real estate specifically devised to
him set off against his legacy.

Since we are of opinion that the present proceeding does
not lie it would serve no useful purpose to recite the grounds
upon which the petitioner bases his complaint.  It is agreed,
as before stated, that the first and final account of the
executors of the will of the deceased was allowed before
the petition now before us was filed, and that one of the

items thus allowed showed payment to the petitioner of his legacy of $1,000. The petitioner states in his brief that the executors refused to pay his legacy and arbitrarily applied it in part payment of the expenditures that had been made by the special administrator to which reference has already been made.

In the absence of anything in the record to show the contrary, the presumption is that all jurisdictional facts were proved when the first and final account of the executors was allowed, and that, accordingly, the petitioner must be taken to have had due notice of that proceeding and an opportunity to be heard thereon. *Farnsworth* v. *Goebel*, 240 Mass. 18. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 215.

It is true that under G. L. (Ter. Ed.) c. 197, § 19, a legatee may recover his legacy and enforce all rights in respect to the same by proceedings in equity in the Probate Court in which the will is allowed, but under the provisions of G. L. (Ter. Ed.) c. 206, § 4, the Probate Court in settling the account of an executor has authority to direct the payment or transfer of any securities, moneys or property with which he may be charged into a proper account in such manner that the same shall be in the control of the persons entitled thereto; and therein it is also provided that "the proceedings upon every such account shall be considered for all purposes to be proceedings in equity, and orders and decrees of the court therein shall be enforceable accordingly, and execution may issue for any such moneys against the fiduciary personally as upon a judgment at law in favor of the persons entitled to the control thereof . . . . " Under this authority effective orders may be made upon an accounting for the payment of legacies or distributive shares. See *Cook* v. *Howe*, 280 Mass. 325; *Fay* v. *Fay*, 299 Mass. 608, 611. Accordingly, in the proceedings for the allowance of the executors' final account, the petitioner, who concedes that his legacy was withheld, for reasons already stated, could have had the question here presented decided. We cannot say that it was not so decided.

The present suit is separate and distinct from proceedings on the account. It is established that probate courts are courts of superior and general jurisdictions, and that it is a general principle of practice under our jurisprudence that a decree of a probate court within its jurisdiction is good unless it is set aside, and that it cannot be attacked collaterally. Such decrees "are conclusive upon the courts of common law, and cannot be reversed by writ of error or *certiorari*. . . . Nor can they be set aside in equity, even for fraud." *Waters* v. *Stickney*, 12 Allen, 1, 3. In *Farquhar* v. *New England Trust Co.* 261 Mass. 209, where this subject is fully discussed with citation of many authorities, it is said, at page 213, that the principle just quoted from the *Waters* case "is too thoroughly settled to require further quotations from adjudicated cases." See also *Hemenway* v. *Harrigan*, 287 Mass. 149, 152, 153. The fact that the present proceeding is brought in the Probate Court where the executors' final account was allowed does not take the case out of the rule. Obviously the allowance of the executors' account was a matter within the jurisdiction of the Probate Court.

It follows that the decree of the Probate Court allowing the account of the executors in which payment of the legacy involved is shown as having been made to the petitioner is a bar to the present suit.

The decree entered in the Probate Court is reversed and instead a decree is to be entered dismissing the petition.

*Ordered accordingly.*