## THESLEFF v. HARVARD TRUST CO.
### No. 4101.

Circuit Court of Appeals, First Circuit.
April 4, 1946.

J. Alfred Anderson, of Fitchburg, Mass. (Anderson & Anderson, of Fitchburg, Mass., of counsel), for appellant.

Walter Malcolm, of Boston, Mass. (Bingham, Dana & Gould, of Boston, Mass., of counsel), for appellee.

Before ALBERT LEE STEPHENS, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This appeal is from a judgment for the defendant entered by the District Court of the United States for the District of Massachusetts in an action brought to·recover the amount of a deposit made by the plaintiff's intestate in the defendant's savings department.

The plaintiff sets himself out as "a citizen of the Republic of Finland, residing in the City of Washington, District of Columbia." Apparently he is, or was, connected with the Finnish Legation there. The defendant is a Massachusetts corporation engaged in the banking business and having its usual place of business in Cambridge in that Commonwealth. The amount for which judgment was demanded in the complaint was well over three thousand dollars. Thus federal jurisdiction rests upon diversity of citizenship and amount in controversy.[1]

---

[1] At the time of the hearing and again shortly subsequent thereto, under circumstances which need not be ·detailed, the plaintiff filed remittiturs as a result of which the amount in controversy was reduced below the statutory limit for federal jurisdiction. This, however, is not important for the reason that federal juris-

The case was submitted to the court below on agreed facts. For the purposes of this appeal the following summary will suffice.

The plaintiff's intestate was a Finnish national whose name appears in his official family registry in Finland as "Nikolai Aronoja." He came to the United States in 1903 and for most of the period from that time until early in 1940 he lived as a roomer at 39 Prince Street in Cambridge, County of Middlesex, Massachusetts. Then he moved to a room in a house at 20 Brand Street in Arlington, also in Middlesex County, Massachusetts. On June 5, 1940, he died in Arlington leaving a widow and a sister, both residents of Finland, as his only heirs at law and next of kin.

On August 4, 1937, he had opened a savings account with the defendant and at that time he signed his name "Nikolai Aronoy." On the inside of the savings bank book then issued to him, however, his name was typed "Nickolas Aronoia." He appears to have made subsequent deposits and withdrawals for the most part in this latter name, although on some occasions he abbreviated his first name to "Nick", and at one time he withdrew five hundred dollars in the name of "Nicklai" or "Niklai"—it is not clear which—"Aronoyas."

After the death of the plaintiff's intestate one Charles L. Perriello, who at that time was a member of the Massachusetts bar and held appointment as a public administrator pursuant to Massachusetts General Laws (Ter.Ed.), Chapter 194, but who now is confined in the Norfolk Prison Colony, somehow obtained possession of the decedent's savings bank book and on August 8, 1940, petitioned the Probate Court for Suffolk County, Massachusetts, for his own appointment as special administrator of the estate of "Nikolai Aronoy alias Nickolas Aronoia." In this petition it is alleged that the decedent last dwelt in Boston in the County of Suffolk, that special administration was necessary "by reason of problems of citation & to protect assets" and that the petitioner had been requested to act by heirs of the decedent in Massachusetts. On the same day, however, Perriello also filed a petition in the Massachusetts Probate Court for Middlesex County for the appointment of himself as administrator of the estate of Nikolai Aronoja late of Arlington, in that county. In both petitions the date of the decedent's death was set out as June 5, 1940.

Perriello's petition in Middlesex County was opposed by a representative of both the Consul General of Finland and of the widow and was not acted upon until it was dismissed in 1943, apparently on June 18 of that year, when the present plaintiff was appointed administrator by the Probate Court for that county.

The petition in Suffolk County, however, was granted on the day it was presented, and on the day following Perriello appeared at the defendant's bank with his certificate of appointment as special administrator and the decedent's savings bank book and demanded payment to him of the entire credit balance of the decedent's account. It is agreed that "Upon said demand the defendant, in reliance upon said certificate of appointment and savings bank book, paid to said Charles L. Perriello as special administrator of the estate of Nikolai Aronoy alias Nickolas Aronoia the entire credit balance of the account namely $6,456.72, perforated said book as evidence that it had been paid and cancelled and for reference purposes caused to be noted on the back of the signature card the following: 'Comm. of Mass. Suffolk s.s. Charles L. Perriello appointed special adm of Est. Aug. 8, 1940 296947.'" Perriello paid the decedent's funeral bills and collected five hundred dollars from the decedent's employer, but never filed any account.

On May 11, 1943, the present plaintiff filed a petition in proper form and in accordance with the true facts in the Probate Court for Middlesex County for his appointment as administrator of the decedent's estate and this petition as already appears was favorably acted upon on June 18, 1943. Thereupon he made demand upon the defendant for the amount on deposit with it in the decedent's account, with interest, and this demand being refused brought the instant action. The court below found as facts (1) "that the plaintiff's intestate was the person of whose estate Charles L. Perriello was purportedly appointed special administrator on August 8, 1940;" (2) "if it is material, that Nik-

---

diction depends upon the facts at the time suit is commenced, and subsequent changes either in the citizenship of the parties or in the amount in controversy neither con-

fer nor devest it. Ford, Bacon & Davis, Inc., v. Volentine, 5 Cir., 64 F.2d 800, 801, and cases cited.

olai Aronoy, Nicholas Aronoia and Nikolai Aronoja are all idem sonans;" and (3) "that no officer or employee of the Harvard Trust Company was intentionally a party to Perriello's fraud." Then it concluded that the defendant's payment to Perriello discharged it from liability to the plaintiff with respect to the decedent's account because the Suffolk Probate Court had appointed Perriello special administrator of the decedent's estate, and under Massachusetts law that court's jurisdiction to do so could not be collaterally attacked in these proceedings on the ground that the decedent was in fact a resident of Middlesex County. Consequently it entered the judgment for the defendant from which this appeal is taken.[2]

Undoubtedly Perriello obtained his appointment by the Probate Court for Suffolk County as special administrator of the decedent's estate by falsely representing to that court that the decedent last dwelt in Suffolk County when in fact the decedent had never dwelt there but during his entire residence in the United States had dwelt in Middlesex County. And also undoubtedly Probate Courts in Massachusetts have only the jurisdiction conferred upon them by statute, and by statute have jurisdiction only to grant "administration on the estates of persons who at the time of their decease were inhabitants of or residents in their respective counties." General Laws (Ter.Ed.) c. 215, § 3. Thus the fundamental question presented is whether the defendant's payment of the amount of the decedent's deposit to Perriello on the strength of the latter's appointment as special administrator by a Probate Court which lacked jurisdiction for the reason that the decedent was not an inhabitant of or a resident in its county, protects the defendant from a subsequent demand for the same amount by an administrator appointed by the Probate Court which did have jurisdiction.

Obviously this question is one of Massachusetts law and that law seems clear.

Prior to 1836 it was the established law of Massachusetts that an appointment by a Probate Court of an administrator of the estate of a decedent who was not at the time of death a resident of the county in and for which the appointing court sat was absolutely void and afforded no protection whatever to persons innocently deriving title from or dealing with such illegally appointed administrator. Cutts v. Haskins, 1813, 9 Mass. 543; Holyoke v. Haskins, 1827, 5 Pick., Mass., 20, 16 Am.Dec. 372. See also Jochumsen v. Suffolk Savings Bank, 1861, 3 Allen, Mass., 87, 91, in which the above cases are fully discussed and analyzed. Application of this rule was naturally often attended by hardship to innocent persons and to obviate this the General Court in 1836 enacted a statute making decrees of probate courts conclusive with respect to the question of the decedent's residence in all collateral proceedings. McFeely v. Scott, 1879, 128 Mass. 16, 18; Dallinger v. Richardson, 1900, 176 Mass. 77, 81, 57 N.E. 224. This statute, Revised Statutes, c. 83, § 12, subsequently reenacted with inconsequential amendments as General Statutes, c. 117, § 4, and Public Statutes, c. 156, § 4, read in its original form: "The jurisdiction assumed in any case by a judge of probate, so far as it depends on the place of residence of any person, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the same record."

Under this statute, there being no want of jurisdiction on the record in the Suffolk Probate Court because in his petition to that court Perriello alleged that the decedent last dwelt in Suffolk County, the plaintiff concedes, as he must (McFeely v. Scott, supra), that he could not recover. But this statute was omitted from the revision of the Massachusetts laws made in 1902 (Revised Laws) and from this the plaintiff argues that the law of Massachusetts on the point covered by the statute reverted to what it was prior to 1836. This argument is unsound because it ignores § 4 of Chapter 415 of the Acts of 1891 and the interpretation thereof by the Supreme Judicial Court of Massachusetts.

By this latter section probate courts were made courts of superior and general

---

[2] At the same time it also entered judgment for the plaintiff against Perriello, who had been impleaded as a third-party defendant under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in the amount of the difference between the decedent's deposit plus the amount collected by Perriello from the decedent's employer, and the amounts recovered from sureties on certain probate bonds given under circumstances unnecessary to state, with interest thereon.

jurisdiction and their proceedings were required to be accorded such presumptions in their favor "as would be made in favor of those of the supreme judicial court in equity." In consequence, the Massachusetts Court said reenactment of the statute of 1836 was unnecessary. Thus in Connors v. Cunard Steamship Co., 1910, 204 Mass. 310, 322, 323, 90 N.E. 601, 606, 26 L.R.A.,N.S., 171, 134 Am.St.Rep. 662, 17 Ann.Cas. 1051, the court said:

"By Rev.St. c. 83, § 12, it was provided that the jurisdiction assumed by a judge of probate so far as it depends upon the place of residence of any person shall not be contested except in an appeal or when the want of jurisdiction appears in the same record. This was reenacted in Gen.St. 1860, c. 117, § 4, and in Pub.St. 1882, c. 156, § 4. The Probate Court was put on the same footing as that of the Supreme Judicial Court in equity by St.1891, p. 1021, c. 415, § 4, that is to say, on the footing of a court of general jurisdiction. Both provisions were reported by the commissioners who drafted the Revised Laws. Commissioner's Report Rev.Laws, c. 162, §§ 2, 8. The Legislative Committee omitted § 8, being the proposed reenactment of Rev.St. 1836, c. 83, § 12. This evidently was done because the broader provisions of St.1891, p. 1021, c. 415, § 4, made the continuance of Rev.St.1836, c. 83, § 12, unnecessary."

And in Kennedy v. Simmons, 1941, 308 Mass. 431, 432, 32 N.E.2d 215, 216, it said:

"Rev.St.1836, c. 83, § 12, provided that the jurisdiction of the Probate Court, in so far as it depended upon the residence of any person, should not be contested in any other proceeding except by an appeal from the original decree, unless the want of jurisdiction appeared upon the record, and this provision continued in force until it was superseded by St.1891, c. 415, making probate courts courts of superior and general jurisdiction. This statute made the previous provision unnecessary, because thereafter the decrees of the probate courts were to be given the same effect as that usually attributed to those of a court of superior and general jurisdiction. In the absence of anything in the record to the contrary it must be assumed that the decree was based upon proof of all the essential jurisdictional facts. Farnsworth v. Goebel, 240 Mass. 18, 132 N.E. 414; Schmidt v. Schmidt, 280 Mass. 216, 182 N. E. 374; Wilbur v. Hallett, 305 Mass. 554, 26 N.E.2d 322."

See also Farquhar v. New England Trust Company, 1927, 261 Mass. 209, 212, 158 N.E. 836, and Judge v. National Security Bank of Boston, 1930, 272 Mass. 286, 289, 172 N.E. 76.

From the foregoing we can have no doubt that in 1902 the law of Massachusetts did not revert to what it was prior to 1836, but on the contrary has remained the same from 1836, to the present time, and from this it follows that the defendant's payment to Perriello protects it from the plaintiff's demand.

■ Two further arguments of the appellant deserve only brief notice.

His argument that liability may be imposed for the reason that if the defendant had used reasonable or ordinary care, which he says it did not, to discover Perriello's fraud it could have protected its depositor's estate, is quite beside the point. Even assuming, although we by no means decide, that the defendant owed the decedent a duty to exercise due care in the premises and that due care required the defendant to make a more thorough investigation than it did before paying the amount of the decedent's deposit to Perriello, the most that it could have discovered would have been that the Suffolk Probate Court lacked jurisdiction to appoint Perriello special administrator for the reason that the decedent had never been an inhabitant of or resident in Suffolk County. But this discovery would have availed the defendant nothing because if it had refused to pay Perriello and Perriello had brought suit, it could not have defended upon this ground. This was expressly decided in McFeely v. Scott, supra—a case closely analogous to the instant one on the facts—in which the court in holding an answer in abatement alleging that an administrator-plaintiff in an action to recover from his decedent's depositary had been appointed by a probate court without jurisdiction said (128 Mass. at page 18):

"The only fraud and false statements of the plaintiff in procuring letters of administration related to the intestate's place of residence. To allow the defendant to defeat this action by proof of such fraud and false statements only, would be to allow a party, upon the question of the residence of the intestate, to contest the jurisdiction of the Probate Court, in a suit which is 'not an appeal in the original case,' in vio-

lation, as we think, of the spirit and letter of the statute.".

The plaintiff's further argument based upon the various names by which the decedent was known to the effect that there is nothing to show that the estate ordered administered by the Probate Court for Suffolk County was the estate of the defendant's depositor and not the estate of some other person is also without substance. The reason for this is that the court below found as facts that the Suffolk Probate Court on August 8, 1940 had appointed Perriello special administrator of the estate of the plaintiff's intestate, and that the names used by the decedent were all idem sonans, and these findings, which cannot be successfully challenged, bring the case at bar within the rule of Anderson v. Qualey, 216 Mass. 106, at page 109, 103 N.E. 90, at page 91, in which the Massachusetts Court said: "The petition [for administration] is a proceeding in the nature of, if not strictly, a proceeding in rem. The res is the estate of the deceased, and the only identification of the res is the name of the deceased set forth in the petition. * * * In a petition for administration where ex vi termini there can be nothing by way of personal service and the identity of the intestate depends solely upon the name given him in the petition, the true res is ascertained if the name of the intestate is stated correctly in the petition. Or if the name of the intestate there stated is a name by which he was commonly known (for a collection of cases on this point see Young v. Jewell, 201 Mass. 385, 87 N.E. 604), the true res is ascertained. Or finally, if the name of the intestate there stated is idem sonans with his true name the true res is ascertained."

The judgment of the District Court is affirmed.