Rescript Opinions.

TILLYE LEVENTHAL *vs.* HAROLD A. LEVENTHAL.   December 2, 1966.   The respondent appeals from the denial by a judge of the Probate Court of his motion to dismiss a petition for support for lack of proper notice to him, and also from an order for the payment of a certain sum to the petitioner. There was no error.   The respondent filed a special appearance, then contested the case on its merits.   "The question whether proper service was made was for the Probate Court, and, in deciding it, the court was not confined to the return made, and must be presumed to have satisfied itself that the service was properly made." *Edds, appellant,* 137 Mass. 346, 347. There is no showing that the judge's order for payment was not proper in the circumstances.   See *Ecklund* v. *Ecklund,* 288 Mass. 517, 518; *Durfee* v. *Durfee,* 293 Mass. 472, 477.

*Orders affirmed.*

The case was submitted on briefs.

*Arthur S. Scipione & Simon Cohen* for the respondent.

*Charles H. Walters* for the petitioner.

WHITE CARD CO. *vs.* MASTERCOLOR OF NEW ENGLAND, INC.   December 30, 1966.   The plaintiff, a tenant in a business building, was awarded damages for harm done to personal property on October 31, 1961, allegedly due to the negligence of the defendant, a tenant in the same building, in causing water to flow from its premises to the plaintiff's premises on the floor below.   We dispose of the defendant's exceptions seriatim.   The lease from the owner of the building to the defendant, in the face of a general objection, was admissible to show control of the premises.   The testimony of a master plumber that the water had flowed from an overhead pipe in the defendant's premises and that the pipe had broken because a "strap iron" hanger designed to support it "had let go" was not inadmissible.   The case was properly submitted to the jury since, on conflicting evidence, they could find that the plumber had informed the defendant's president of the broken "strap iron" hanger and had recommended that it be replaced, two weeks before the pipe broke.   The plumber's testimony on cross-examination that "possibly" he had told the defendant's president about the broken "strap iron" hanger on the morning of the discovery of the damage, did not nullify his testimony that he had told him two weeks before.   It therefore could be found that the defective condition existed, that the defendant knew of it in sufficient time to repair it, and that it neglected to do so, with consequent foreseeable damage to the plaintiff.

*Exceptions overruled.*

*Paul D. Maggioni* for the defendant.

*David Greer, Jr.,* for the plaintiff.