JOSEPH J. LANNIN & another, trustees, *vs.* ANNIE E. BUCKLEY & others.

SAME *vs.* KATHERINE G. MCALEER & others.

Suffolk.  January 21, 1926. — May 27, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Appeal.  *Trust*, Segregation of trust funds by trustee, Waiver by beneficiary of breach of trust, Accounting by trustee. *Waiver*.

Where, at the hearing of a petition in the Probate Court, no stenographer was appointed under G. L. c. 215, § 18, a party aggrieved by a decree entered after the hearing cannot require a report of the evidence at the hearing as a matter of right: his right, upon compliance with § 11, is only to a report of material facts found by the judge.

Upon an appeal from a decree of a probate court, the judge, in response to a request under G. L. c. 215, § 11, filed a statement of facts found by him.  There was no report of the evidence upon which the findings were based.  *Held*, that the sole questions before this court were, whether the conclusions of fact by the judge were warranted by the facts he found and whether the decree was warranted by such facts, conclusions of facts, and the accompanying record.

While an executor under a will, who is also trustee thereunder, cannot be considered as holding any part of the assets as trustee until he has settled in the Probate Court an account as executor in which he is credited as executor with the amount which he holds as trustee, if, before the filing or allowance of his final account as executor, he files an inventory as trustee showing securities transferred to him "approximating in value" a certain lump sum, and, after the allowance of his final account as executor, files an account as trustee, which purports to be for a period beginning before the date of the filing of his inventory as trustee and which contains items adjusting amounts contained in the inventory to conform to the real value of the securities as they were shown in the items of the executor's account showing the transfer, and, upon facts found by a judge, no harm appears to have resulted to the beneficiaries, a decree allowing the trustee's account will not be reversed because of such informalities of accounting.

While it is the duty of a trustee under a will which establishes two distinct trust funds to keep the two funds separate, and it is improper to invest the two funds as one and to divide the income *pro rata* among beneficiaries of both funds entitled to receive the income, if the only beneficiaries entitled to the income of the two funds assent to such conduct on the part of the trustee in order that a beneficiary for life of the income of the smaller trust may receive an income larger than could

otherwise be paid to her, they cannot later effectually object to an account by the trustee showing the carrying out of such an arrangement; and a beneficiary, who is interested in the trust only as a distributee of principal, has no standing to object to a decree allowing an account showing such investments if it does not appear that the principal of the fund was impaired thereby.

Findings of fact by a judge of probate upon the hearing of an account of a trustee under a will were *held* not to require a conclusion, either that the trustee had improperly entered items of principal as income, or that entries of net rents in the place of entries of gross rent receipts with proper charges against them and of net receipts from changes of investment instead of entries of gross receipts from that source with proper charges against them injuriously affected the interest of the beneficiaries or required the reversal of a decree allowing the account.

Upon an appeal from a decree of a probate court allowing an account of a trustee under a will, there were obvious errors of computation as to balances and the accounts were remanded to the Probate Court for further hearing to correct errors in computation and for such amendments in the schedules as were thereby made necessary, the Probate Court being directed, when changes not inconsistent with the decision of this court were made, to allow the accounts as amended.

PETITIONS, filed in the Probate Court for the county of Suffolk on April 9, 1923, for the allowance of a first account of trustees under the will of C. James Connelly, late of Boston, for the benefit of Annie Buckley and others, and a first account of the same individuals as trustees under the same will for the benefit of Agnes G. Connelly and others.

The account for the benefit of Agnes G. Connelly and others stated as the total of schedule C $143,130.75, while the actual total of the items shown thereby was $149,670.50. In the same account, the totals of schedules D and E as stated were $104,272.57 and $101,408.67, respectively, while the actual totals of the items were $104,104.26 and $100,708.70, respectively.

The petitions were heard in the Probate Court by *White,* J. No stenographer was appointed under G. L. c. 215, § 18. On July 12, 1923, decrees were entered allowing both accounts. On July 17 Annie Buckley and Katherine G. McAleer requested of the judge a report of the evidence and of facts found by him, and on July 30, 1923, they appealed from a decree allowing the accounts. The report of facts was filed on September 23, 1925. Material facts are stated in the opinion.

*J. L. Sheehan,* (*J. A. McAleer* with him,) for the respondents.

*J. J. Mansfield,* (*J. F. Creed* with him,) for the petitioners.

SANDERSON, J.  This is an appeal from decrees allowing two accounts of the petitioners, as trustees under the will of C. James Connelly, by which two trusts were established: one, by the gift of $10,000 to the trustees to pay the net income to the testator's sister Annie E. Buckley during her life, and, at her decease, to pay $1,000 of the principal to her daughter Catherine A. McAleer, wife of John McAleer, and to divide the balance among all of Mrs. Buckley's children including Catherine A. McAleer; the other, by the gift to the trustees of the rest and residue of the testator's property, to pay the net income thereof to the testator's widow during her life, or while she remained unmarried, and with the direction that upon her death or remarriage the residue should be divided between the testator's sister Mary E. Connelly and the children of his sister Annie E. Buckley.

The petitioners were appointed executors July 30, 1914, and on September 1, 1914, received their appointments as trustees.  In April, 1923, they filed their first account as trustees for the benefit of Annie E. Buckley and others, for the period beginning July 10, 1914, the date of the testator's death, and ending April 10, 1923; and their first account as trustees for the benefit of Agnes G. Connelly and others, for the period beginning August 1, 1916, and ending April 1, 1923.  The appeal from the decrees allowing these accounts was taken by Annie E. Buckley, and by Catherine A. McAleer who is one of the residuary beneficiaries.  On July 17, 1923, the appellants requested the court to report the evidence on which the findings and the allowance of the accounts were based, and to report the facts.  The latter request was complied with, but the court did not report the evidence.  Before the hearing no request was made for the appointment of a commissioner to take the evidence.

The provisions of G. L. c. 215, § 13, giving a judge of probate the right to reserve and report evidence and all questions of law thereon to the full court, relate only to the discretionary power of the court.  No right is given upon

appeal to have evidence reported unless a request therefor is made before any evidence is offered.  G. L. c. 215, § 12; c. 214, § 24.  In the absence of such request, compliance with the provisions of G. L. c. 215, § 11, entitles the party appealing to a report of material facts, and the questions then before this court are, whether the conclusion reached is consistent with those facts and whether the decree is warranted. *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110.  *Eddy* v. *Fogg,* 192 Mass. 543.  *Knowles* v. *Knowles,* 205 Mass. 290. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576.

"An executor who is also trustee under a will cannot be considered as holding any part of the assets in the latter capacity until he has settled an account in the Probate Court as executor, in which he is credited as executor with the amount which he holds as trustee; and such account should not be allowed by the judge of probate, without first requiring him to give bond for the faithful performance of his duties as trustee." *Crocker* v. *Dillon,* 133 Mass. 91, 98.  An allowance of the executors' account under such circumstances would discharge him as executor and vest the trust fund in him as trustee, and after the trust is thus established, the sureties on the trustee's bond are held. *Eliott* v. *Sparrell,* 114 Mass. 404.  *Sheffield* v. *Parker,* 158 Mass. 330, 333. *Brigham* v. *Morgan,* 185 Mass. 27, 41.  *Welch* v. *Boston,* 211 Mass. 178.

The executors' first and final account, filed November 21, 1916, was allowed December 12, 1916.  In this account they charged themselves with cash paid James F. Creed and Joseph J. Lannin, trustees for Annie Buckley, $10,000, and also with personal property passed to themselves as trustees, $142,995.75.  The inventory of said trustees for the benefit of Annie E. Buckley and others, filed October 16, 1916, consists of one item in this form: "Cash interest in estate of C. J. Connelly $10,000."  Their inventory for the benefit of Agnes G. Connelly and others, filed on the same date, is thus summarized: "Various certificates of shares of stock and household furniture, pictures and other personal property from James F. Creed and Joseph J. Lannin, executors of the will of C. James Connelly . . . approximating in value

$150,000." The trustees' inventories were filed about one month before the executors' account was filed and about three months before December 12, 1916, the date when it was allowed. The trustees held the property in both trusts and were responsible for it as trustees from the time when the executors' account was allowed. These informalities, however, in the circumstances did not affect the substantial rights of the parties.

The trial judge found, in substance, that the $10,000 trust for the benefit of Annie E. Buckley for life was not segregated as a separate fund, but that the trustees had administered the estate, including both trusts, as an entirety, charging the total amount of principal with $10,000 as belonging to the Buckley trust, and paying to Mrs. Buckley from the income of the combined estates six per cent net on $10,000 per year. It appears from the account that less than that rate of interest was paid for the first two years after the testator's death. It is the duty of trustees holding two distinct trust funds to segregate them. They cannot ordinarily be invested together and the net income prorated to the beneficiaries. It is only by keeping them separate that the losses and charges can be allocated properly. *Moore* v. *McKenzie*, 112 Maine, 356. The judge found that the object of keeping the funds together was to provide Mrs. Buckley, the life tenant, with a larger amount of income than could otherwise be paid to her; and that this arrangement was accepted by her, understanding her rights, and was known to and approved by Mrs. Connelly, the testator's widow, they being the sole beneficiaries entitled to income under the two trusts. They could consent to a division of income on a different basis from that required by the will, and they both assented to the trustees' accounts. A beneficiary who has consented to a breach of trust cannot thereafter complain of such breach. *Pope* v. *Farnsworth*, 146 Mass. 339, 344. *Preble* v. *Greenleaf*, 180 Mass. 79. *Richards* v. *Keyes*, 195 Mass. 184.

Mrs. McAleer did not consent to the arrangement, but it does not appear from the findings that her interests have been jeopardized or injured by the failure to separate the trusts,

or that the trustees' accounts should be disallowed because of this objection to them. From the accounts, the findings of fact, and the decrees, it must be assumed that the trustees have charged themselves with the full inventory value of all trust funds held by them, and it does not appear that the principal has been impaired or any loss to the residuary legatees has resulted from the trustees' failure to segregate the funds. They have not asked for any charge against the principal because of diminution in value of the securities held by them, which are still carried at a valuation as of the date of the testator's death, and we are not called upon to consider whether the trustees have exercised sound judgment in continuing to hold the property described in Schedule C of their account, or whether the real value of that property is greater than the valuation at which it is carried.

If, however, it appears that the principal is being impaired either by treating as income what should be principal, or by the making of unjust charges against principal, or in any other way, the residuary legatees are entitled to have their rights protected. The general duty of trustees in making investments is, that they shall act in good faith and in the exercise of a sound discretion. *Lovell* v. *Minot*, 20 Pick. 116. *Dickinson, appellant*, 152 Mass. 184, 186. So far as is reasonably practicable, they are to hold the balance even between the claims of life tenants and those of remaindermen. *Dickinson, appellant, supra.* " . . . it has never been held that trustees for successive takers were at liberty to disregard the security of the capital, in order to increase the income. Nor, where property is of a wasting nature, is an investment in it consistent with their duty, in the absence of specific directions in the creation of the trust. They are equally bound to preserve the capital of the fund for the benefit of the remainderman, and to secure the usual rate of income upon safe investments for the tenant for life; and to use a sound discretion in reference to each of these objects. If there is no specific direction, and they are charged merely with the general duty to invest, they cannot postpone the yielding of income for the increase of the capital, nor select a wasting or hazardous investment for the sake of greater present profit.

And the rule is the same in regard to property which comes to the trustees from the testator, not specifically bequeathed, as it is in regard to making new investments. If the investment is not such as this court would sustain them in making, it should not be allowed to continue, but should be converted." *Kinmonth* v. *Brigham,* 5 Allen, 270, 278. When a trustee asks to charge off a loss on an investment he has the burden of proving that he has exercised reasonable skill, prudence and judgment in making or in retaining the investment. *Ashley* v. *Winkley,* 209 Mass. 509.

In the absence of facts showing that dividends on stock were a part of the capital of the corporation, or that the payment of them essentially impaired or diminished the value of the shares, they are to be regarded as part of the income to which the *cestui que trust* for life are entitled. *Balch* v. *Hallet,* 10 Gray, 402. *Talbot* v. *Milliken,* 221 Mass. 367. It does not appear from the findings of the court that the dividends received on mining stock were not properly considered income for the life tenant. Nor does it appear from the record that the judge was in error when he allowed as income items of drafts for fire loss, telephone warrants, and deposits on sale of real estate. The decree of the Probate Court establishes the accuracy of the items in the account, and that decision must be controlling unless upon the accounts themselves and the findings of fact the conclusion as to these items appears to be erroneous. It was for the judge of probate to decide whether the income from rents should be allowed as an item for net rents, or whether he would require the more usual form of accounting by the entry of gross rents on one side and expenses connected therewith on the other; and the same is true of the allowance of the item for bill due the estate for stocks; and it cannot be said as matter of law that the allowance of the item last referred to as income was wrong.

The difference between approximate inventory value, above mentioned, and the personal property turned over to the trustees, according to the executors' account, was $7,004.25. In the trustees' account this amount is entered as a charge against principal, under the item "Loss in

personal property recited in Schedule C turned over to Trustees from the Approximate value recited in Inventory." The judge in referring to this item stated "A single item in Schedule B charges off the difference between the actual amount of the residue turned over by the executors to the trustees, to wit, $142,995.75, and the approximate appraisal of $150,000." We cannot say that the judge was wrong in allowing as a charge against principal the difference between the amount actually turned over to the trustees and the amount of the approximate appraisal. But in view of the apparent errors in computing the columns of figures which appear in Schedule C of the account of the trustees for the benefit of Agnes G. Connelly and others, if this charge of $7,004.25 against principal is allowed other changes must be made in the account so that the balance of principal invested, as stated in Schedule C, will be equal to the difference between Schedule A and Schedule B. Errors in computation also appear in Schedules D and E of the same account.

The case is remanded to the Probate Court for further hearing to correct errors in computation, and for such amendments in the schedules as are thereby made necessary. All questions argued have been considered and no other errors requiring a revision of the accounts appear. When changes therein not inconsistent with this opinion are made, decrees allowing the accounts as amended are to be entered.

*Ordered accordingly.*