NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-711                                          Appeals Court

SHEILA A. CUSACK & another[1]  vs.  ANN T. CLASBY, personal
representative.[2]


No. 18-P-711.

Middlesex.      December 10, 2018. - February 6, 2019.

Present:  Kinder, Neyman, & Desmond, JJ.


Executor and Administrator, Accounts, Attorney's fees.  Probate
     Court, Accounts, Attorney's fees.


     Petition filed in the Middlesex Division of the Probate and
Family Court Department on October 15, 2014.

     The case was heard by Maureen H. Monks, J.


     Michael H. Riley for the respondents.
     John Foskett for the petitioner.


     KINDER, J.  In this dispute involving the estate of

Catherine P. Cusack, three of her children, Sheila Cusack, Karen

Cusack-Bouvier, and Thomas Cusack, objected to the final

accounting and settlement of the estate proposed by their sister

_____

     [1] Karen Cusack-Bouvier.

     [2] Of the estate of Catherine P. Cusack.

and the decedent's personal representative, Ann T. Clasby.[3]  A judge of the Probate and Family Court struck the objections, allowed the petition for complete settlement, discharged Clasby, and awarded attorney's fees to the estate.  On appeal, Sheila Cusack and Karen Cusack-Bouvier (the objectors) claim that it was error to allow the petition for settlement before distributions to the heirs proposed by the petition had been made.  Discerning no error, we affirm the decree and order allowing the petition.

Background.  Catherine P. Cusack died on June 7, 2014, and is survived by eight children, who are equal heirs of her estate.  On October 15, 2014, Clasby filed a petition for formal probate.  On December 1, 2015, Clasby filed a petition for order of complete settlement on a preprinted form of the Probate and Family Court and requested that the judge "[c]onsider the First and final account(s) and approve said accounting(s), distribution of assets, and adjudicate a final settlement of the estate."[4]  The objectors filed objections, claiming that Clasby's

---

[3] Thomas Cusack eventually withdrew his objections and is not a party to this appeal.

[4] Over time, Clasby filed two amended petitions for order of complete settlement that reflected the estate's additional receipts and expenses.  The changes are not material to this appeal.

proposed final account represented that distributions to the heirs had been made, when in fact they had not.

Clasby filed a motion to strike the objections as ones not permitted under the Massachusetts Uniform Probate Code (MUPC). The objectors countered with a motion for summary judgment and for attorney's fees in which they repeated the argument made in their affidavits of objection. The judge denied the motion for summary judgment, reasoning that payment could not be made until the final accounting was approved. The judge stated her intention to assess attorney's fees against the objectors, and she further ordered that "[t]he distributions to the heirs as required in the final Decree shall be made immediately upon the issuance of that Decree." On January 26, 2017, the judge issued a written memorandum of decision and order (1) striking the objections, (2) directing Clasby to file a new motion for attorney's fees, and (3) ordering Clasby to file a proposed final decree after the issue of attorney's fees had been resolved. On March 16, 2017, the judge ordered each of the objectors to pay $1,237.50 in attorney's fees to the estate.[5] On December 20, 2017, a decree and order entered (1) allowing the final accounting and complete settlement and the distributions

---

[5] Thomas Cusack was ordered to pay attorney's fees in the amount of $4,875, based on the judge's assessment that more time was required to respond to his numerous pleadings and requests for discovery.

stated therein, and (2) discharging the personal representative. This appeal followed.

Discussion. We review motions to strike objections de novo, accepting as true the factual allegations contained in the objecting party's affidavit. See Baxter v. Grasso, 50 Mass. App. Ct. 692, 694 (2001). The objections in this case present a question of statutory interpretation which we also review de novo. Guardianship of B.V.G., 474 Mass. 315, 320 (2016).

Prior to the enactment of the MUPC in 2008, the settlement of testamentary estates was governed by G. L. c. 206, § 22. Under the case law interpreting that statute, the personal representative of an estate could not petition for complete settlement until all payments had been made by the estate. See Bell v. Swift, 322 Mass. 145, 149 (1947), citing Grigaliunos v. Frost, 270 Mass. 455, 458 (1930) ("it is for payments and not appropriations for payment that an accountant may rightfully demand allowance"). The objectors claim that this body of law survived enactment of the MUPC and precluded the judge from allowing final settlement of the estate and discharging the personal representative before distributions to the heirs had been made. We disagree.

General Laws c. 206, § 22, was repealed when the MUPC was enacted. See St. 2008, c. 521, § 38. While the MUPC did not replace all common-law principles concerning the affairs of

decedents, it replaced those "displaced by [its] particular provisions."  G. L. c. 190B, § 1-103.  Under the MUPC, G. L. c. 190B, § 3-1001, controls the settlement of estates, and, pursuant to § 3-1001 (a), a personal representative seeking an order for complete settlement may now "request the court . . . to consider the final account, [or] compel or approve an accounting or distribution or both."  Thus, the plain language of the MUPC authorized Clasby to request both the approval of an accounting and a distribution of the estate.  See G. L. c. 190B, § 3-107 ("petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay").  Likewise, the court was authorized to "enter an order or orders, on appropriate conditions, . . . approving settlement and directing or approving distribution of the estate."  G. L. c. 190B, § 3-1001 (b).  As nothing in the MUPC prohibits a personal representative from requesting, or a judge from ordering, the simultaneous approval of a proposed final settlement and a distribution consistent with that proposed settlement, we see no

error in the judge's decision.[6,7]  Our interpretation of G. L.
c. 190B, § 3-1001, is consistent with the legislative purpose of
the MUPC, which is to promote a "speedy and efficient system for
liquidating the estate of the decedent and making distribution
to the decedent's successors."  G. L. c. 190B, § 1-102 (b) (3).

The objectors appear to be concerned that Clasby will fail
to comply with the court's order that she make distributions to
the heirs immediately upon the issuance of the decree.  Should
that occur, the objectors are not without a remedy.  Non-
compliance with a court order is actionable as civil contempt.
See Birchall, petitioner, 454 Mass. 837, 853 (2009) (in all

---

[6] We note that the procedural guide issued by the
Administrative Office of the Probate and Family Court outlines
exactly such a procedure.  The guide provides, "In addition to
requesting the approval of a final account to close the estate,
a Petition for Order of Complete Settlement may request that the
court:  (1) make a final determination of testacy if not
previously determined; (2) make a final determination of the
decedent's heirs at law, if not previously determined; (3)
determine and approve a proposed distribution; AND/OR (4)
construe the will as proposed" (emphasis added).  MUPC Estate
Administration Procedural Guide § 10.6.2 (2d ed. 2016).

[7] The objectors attach significance to the fact that Clasby
checked the box requesting approval of the final account and
distribution of assets on the preprinted Probate and Family
Court form, but did not check a separate box compelling
particular distributions.  We do not interpret the absence of a
check in the distribution box as controlling, see Leighton v.
Hallstrom, 94 Mass. App Ct. 439, 445-446 (2018) (magistrate's
failure to check box on preprinted form not determinative), and
we think it was clear that Clasby was seeking the court's
authorization for the final settlement of the estate and the
distribution of shares to the heirs, as set forth in the
accompanying final account.

cases, civil contempt may be found by clear and convincing evidence of disobedience of a clear and unequivocal command); Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 565 (1997) ("Civil contempt is a means of securing for the aggrieved party the benefit of the court's order").

The objectors also appeal the award of attorney's fees to the estate and the denial of their request for an award of attorney's fees. Costs and expenses may be awarded in a contested probate action "as justice and equity may require." G. L. c. 215, § 45. A judge's award of costs and fees under § 45 is "presumed to be right" and will not be disturbed absent an abuse of discretion. Matter of the Estate of King, 455 Mass. 796, 805 (2010), quoting Smith v. Smith, 361 Mass. 733, 738 (1972). Here, in a margin endorsement on September 29, 2016, the judge ordered Clasby to pay out the distributions immediately upon approval of the account and stated that she would assess fees incurred by the estate in defending against the objectors' motion for summary judgment. The judge also found that "the objectors persisted in litigation that unreasonably resulted in greater fees for the estate." In these circumstances, we discern no abuse of discretion in the award of attorney's fees to the estate. For essentially the same reasons, the judge did not abuse her discretion in denying the objectors' request for fees. See L.L. v. Commonwealth, 470

Mass. 169, 185 n.27 (2014) (no abuse of discretion unless judge made a "'clear error of judgment in weighing' the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" [citation omitted]).

Finally, Clasby seeks an award of appellate attorney's fees, claiming that the objectors have engaged in "the blind pursuit of an erroneous and abstract legal theory." While the objectors' legal argument has failed to persuade us, we cannot conclude that their appeal was frivolous, and we therefore decline to exercise our discretion to award appellate attorney's fees and costs. See Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 n.11 (1997).

Conclusion. The decree and order for settlement dated December 20, 2017, is affirmed.

So ordered.