NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule
23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28,
as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties
and, therefore, may not fully address the facts of the case or the panel's
decisional rationale.  Moreover, such decisions are not circulated to the entire
court and, therefore, represent only the views of the panel that decided the case.
A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25,
2008, may be cited for its persuasive value but, because of the limitations noted
above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260
n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-47

IN THE MATTER OF THE ESTATE OF MARY M. FINN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Two formal petitions to probate two different wills

(executed by the decedent approximately eight years apart) were

filed in the Probate and Family Court.  The first petition,

which sought to probate the decedent's will executed in 2010

(2010 will), was filed by Robert Keough, who was appointed

personal representative of the estate.  Less than one year

later, the second petition was filed by Gregory White, who

sought to (1) probate the decedent's will executed shortly

before her death in 2018 (2018 will), (2) be appointed personal

representative, and (3) dismiss and set aside all action on

Keough's earlier petition.  After the parties submitted this

case "on the record" by agreement,[1] the judge issued decrees[2]

_____

[1] We understand this to be the equivalent of a "case stated."
Ware v. Hardwick, 67 Mass. App. Ct. 325, 326 (2006).

[2] The judge issued separate documents entitled "Decree" and
"Decree and Order on Petition for Formal Adjudication," both
dated June 30, 2022.  Although only the latter document appears

that dismissed the formal probate of the 2010 will and all related orders (including the appointment of Keough as personal representative), allowed the petition for formal probate of the 2018 will, and appointed White as personal representative. Keough's appeal from those decrees presents the narrow question whether the Massachusetts Uniform Probate Code (MUPC), G. L. c. 190B, §§ 3-410 and 3-412, permitted the judge to act on White's petition for formal probate of the 2018 will and White's request to set aside the prior decree and related appointment, where all requested relief was set forth in the same petition. Because we conclude that the MUPC does not require that a request to set aside a prior formal probate decree and related appointment of the personal representative be filed as a separate document, we affirm.

1. Background. The following facts and procedural history are not disputed. In October 2018, after the decedent's death in September 2018, Keough filed a petition in the Probate and Family Court for a decree and order of formal probate of the 2010 will and appointment as personal representative of the decedent's estate. Under the terms of the 2010 will, the decedent made Keough and his wife beneficiaries of her estate.

---

on the trial court's docket, we treat this as an appeal from both decrees.

2

The petition was allowed, the decree entered, and Keough was appointed to serve as the estate's personal representative.

In April 2019, Gregory White filed several documents in the same court and under the same docket number, including the 2018 will and a document titled "Petition for Formal Probate of a Will [and] Appointment of a Personal Representative." The latter document requested two forms of relief: issuance of (1) orders setting aside the existing formal findings of testacy and Keough's appointment as personal representative under the 2010 will,[3] and (2) a decree and orders of formal probate of the 2018 will and White's appointment as personal representative. The 2018 will named two friends of the decedent -- not Keough or his wife -- as the estate's beneficiaries.

As noted, the parties submitted their dispute to a judge for resolution. After consideration of the record and the parties' proposed rationales, the judge dismissed the original order allowing Keough's petition for formal probate of the 2010 will and Keough's appointment as personal representative of the estate, and allowed White's petition for formal probate of the 2018 will and White's appointment as personal representative.[4]

---

[3] White contended, inter alia, that the 2018 will superseded the 2010 will.

[4] In doing so, the judge also concluded that Keough had failed to show that the 2018 will was the product of undue influence. Keough does not, in this appeal, challenge that aspect of the judgment.

The judge's written findings include the ruling central to this appeal, namely, that White's request to vacate the previous decree and related orders and his petition for formal probate of the 2018 will were properly included in the same document.

2. Discussion.[5]  a. Standard of review.  Keough contends that the judge misinterpreted the requirements of the MUPC; specifically, G. L. c. 190B, §§ 3-410 and 3-412.  His argument presents a question of statutory interpretation, and our review is thus de novo.  See Cusack v. Clasby, 94 Mass. App. Ct. 756, 758 (2019).  In conducting our review, we are mindful that the language of the statute "should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result."  DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 191 (2023), quoting Olmstead v. Department of Telecomm. & Cable, 466 Mass. 582, 588 (2013).  "[I]f the language [of a statute] is clear and unambiguous, it is conclusive as to the intent of the Legislature."  DiMasi, supra at 191-192, quoting Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 253 (2015).

---

[5] To the extent White contends that Keough's arguments on appeal were waived, he fails to provide adequate legal support for his position, and we do not consider it.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

4

b.  G. L. c. 190B, §§ 3-410 and 3-412.  As relevant here, § 3-410 prohibits a judge from probating more than one instrument offered for probate unless "neither expressly revokes the other or contains provisions which work a total revocation by implication."  G. L. c. 190B, § 3-410.  Here, the terms of the 2010 will were entirely different than those of the 2018 will; neither party suggests that under § 3-410 both wills could be probated simultaneously, and we assume without deciding that they could not be.  Accordingly, we agree with Keough to the extent that he argues that under § 3-410, the judge could not have allowed the probate of the 2018 will without first (or, perhaps, simultaneously) allowing White's request (set forth in his petition) to vacate the previous decree probating the 2010 will.[6]  See G. L. c. 190B, § 3-410.  There is nothing in the record to suggest that the judge in this case failed to act on White's prayer for relief in the required order, and we presume that he did so.[7]

We do not, however, agree that § 3-410 prohibits a judge from acting on a petition to probate a second (or subsequent)

---

[6] We construe White's request to "set aside" the orders of formal probate of the 2010 will as one to "vacate" those orders.  See Black's Law Dictionary 1648 (11th ed. 2019) (defining "set aside" as "to . . . vacate [a judgment, order, etc.]").  Keough does not argue otherwise.

[7] Given our conclusion, we need not address Keough's challenge to White's standing to petition for probate of the 2018 will.

5

instrument and related request to vacate a prior decree and related orders unless the two petitions are filed as separate documents.[8]  In arguing that it does, Keough relies on the following language from § 3-410:  "After a final order in a formal testacy proceeding has been entered, no petition for probate of any other instrument of the decedent may be entertained, except incident to a petition to vacate a previous probate order and subject to the time limits of section 3-412."[9]  Contrary to Keough's contention, nothing in this language or in any of the other language of § 3-410 or § 3-412 "mandate[s]" the filing of separate documents.  See Doe v. Board of Registration in Med., 485 Mass. 554, 562 (2020) ("It is not our place to amend a statute's clear language to add language the Legislature chose to omit").  The key words and phrases -- "may be

[8] Indeed, were it to do so, in the circumstances of this case, it would directly conflict with § 3-107 of the MUPC, providing that "petitions for formal orders of the court may combine various request for relief in a single proceeding if the orders sought may be finally granted without delay."  G. L. c. 190B, § 3-107.  See Cusack, 94 Mass. App. Ct. at 758-759.  Keough has not provided any legal support for his contention that the application of § 3-107 is confined to petitions "by those persons who have already been appointed Personal Representative of an estate."  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[9] To the extent that Keough argues that White failed to comply with the time limits under § 3-412, his argument assumes that White's request contained in his petition to vacate was not properly before the court.  We disagree with Keough on the latter point, and Keough does not otherwise contend that White's petition failed to comply with the timing requirements of § 3-412.

entertained, except incident to a petition to vacate," G. L.
c. 190B, § 3-410 (emphasis added) -- are not defined in the
MUPC, and so we interpret them "according to [their] common
usage." Matter of the Estate of Slavin, 492 Mass. 551, 554
(2023), quoting Commonwealth v. Palmer, 464 Mass. 773, 778 n.6
(2013). The usual meaning of "entertain" is "to give judicial
consideration to," Black's Law Dictionary 672 (11th ed. 2019);
not, as Keough suggests, to permit the filing of. The phrase
"incident to" is commonly understood to mean "arising out of" or
"connected with." Black's Law Dictionary 911 (11th ed. 2019).
Read in a way that comports with these definitions, the
statutory language supports the judge's interpretation and
conclusion. Further, reading § 3-410 in this way reduces the
number of filings in a given case and facilitates streamlined
review of a request to give effect to a superseding will. This
result is consistent with promotion of the express statutory
objective of a "speedy and efficient system for liquidating the
estate of the decedent and making distribution to the decedent's
successors." G. L. c. 190B, § 1-102 (b) (3). See Cusack, 94
Mass. App. Ct. at 758-759. Accordingly, we conclude that the
judge did not err in making the challenged rulings.[10]

---

[10] To the extent that we do not address other arguments, they
"have not been overlooked. We find nothing in them that
requires discussion." Department of Revenue v. Ryan R., 62

7

3.  Conclusion.[11]  The "Decree" dated June 30, 2022, and the "Decree and Order on Petition for Formal Adjudication" dated June 30, 2022, are affirmed.

So ordered.

By the Court (Green, C.J., Desmond & Hand, JJ.[12]),

*Joseph F. Stanton*

Clerk

Entered:  October 10, 2023.

---

Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).
[11] White's motion for appellate fees is denied.
[12] The panelists are listed in order of seniority.

8