NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-415

FRANZ MARX

vs.

PATRICIA BROOKS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

These cross appeals, arising from a dispute over the ownership of personal property, concern a complaint for civil contempt brought by plaintiff Franz Marx.  After a trial, a judge of the Worcester Superior Court found defendant Patricia Brooks in contempt.  The trial judge dismissed the complaint for contempt as to Brooks's husband Jon Krecidlo.  Brooks appeals from so much of the judgment as found her in contempt, and Marx appeals from so much of the judgment as dismissed the contempt complaint against Krecidlo.  Marx also contests the amount of

---

[1] Jon Krecidlo.

attorney's fees and costs he was awarded.  We affirm in all respects.

A judge's finding of civil contempt must "be supported by clear and convincing evidence of disobedience of a clear and unequivocal command."  Birchall, petitioner, 454 Mass. 837, 853 (2009).  See Quinn v. Quinn, 49 Mass. App. Ct. 144, 147 (2000) (purpose of contempt is to "achieve compliance" with underlying order [citation omitted]).  "Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt."  Cooper v. Keto, 83 Mass. App. Ct. 798, 804 (2013), quoting Birchall, supra at 852.  See Sax v. Sax, 53 Mass. App. Ct. 765, 772 (2002) ("vague or ambiguous language in a judicial decree will not suffice").  A finding of contempt will be upheld, however, "where the court order, although subject to some legal interpretation, has nonetheless placed the party bound by the order on notice that certain actions could constitute the basis for contempt."  Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 567 (1997). "We review [a] judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error."  Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018).

On June 11, 2019, the court issued a preliminary injunction that ordered Brooks "enjoined from removing, selling or transferring the personalty of the plaintiff."[2] During litigation, the parties exchanged a list of personal property in dispute, which included a covered trailer, a Toyota, several car parts, and the shell of a Corvette. In 2021, Brooks, in concert with Krecidlo, sold the trailer and the Toyota for approximately $5,000.[3] The judge determined that Brooks "clearly violated the order by selling the two items." We agree and conclude that there was no abuse of discretion or clear error in this finding. Thus, we affirm the order of contempt as to the trailer and Toyota.

The judge also found that in 2022, Krecidlo, at Brooks's instruction, "moved many of the disputed car parts from a covered and protected environment, either in the covered trailer or in the garage, to the outdoor elements" and that the Corvette was moved from the garage to the yard. On appeal, Brooks asserts that the order's language of "removing" was vague and

---

[2] From the early 2000s to approximately 2017, Brooks and Marx lived together and accumulated personal property in their Charlton residence. Pursuant to an ex parte restraining order, Marx left the residence. In 2018, he brought a civil action to retrieve property he had left behind.

[3] On appeal, Brooks maintains that the Toyota was registered in her name and that she owned the trailer. However, the judge credited Marx's testimony that he purchased both items and disbelieved Brooks's testimony to the contrary.

claims that she was not on notice that "moving" the items outside would result in contempt. The judge concluded that the preliminary injunction clearly "put the parties on notice that the status quo of these items was to remain in place, so that the court action could resolve proper ownership of the items." We agree and conclude that Brooks's conduct clearly violated the preliminary injunction by moving the disputed property to an area where the elements would cause it to be damaged. See Demoulas, 424 Mass. at 567. We discern no abuse of discretion in the judge's finding and affirm the order of contempt as to the car parts and Corvette shell.

Marx argues that the judge made a clear error in finding that Krecidlo did not have actual notice of the preliminary injunction. To be found in contempt of an order, a party must "have fair notice of the conduct the order prohibits." Sax, 53 Mass. App. Ct. at 772. More specifically, "[a]n injunction is binding on the parties and 'upon those persons in active concert or participation with them who receive actual notice of the order by personal service.'" Mohamad v. Kavlakian, 69 Mass. App. Ct. 261, 265 (2007), quoting Mass. R. Civ. P. 65 (d), 365 Mass. 832 (1974). Here, the judge found that, although Krecidlo received a letter in 2022 from Marx's counsel that mentioned the order, Krecidlo did not have knowledge of the order because he

4

did not receive a copy of the actual order.[4]  This finding is supported by the trial transcript and is not clearly erroneous. We conclude that the judge did not abuse his discretion in declining to hold Krecidlo in contempt and affirm the order of dismissal as to him.

Following the contempt finding, Marx successfully moved for an award of attorney's fees and costs.  The judge ordered Brooks to pay Marx's legal fees in the amount of $22,500 and $518.34 in costs for Marx's pursuit of the contempt action.  "As matter of law, the awarding of attorney's fees and costs is an appropriate element of a successful civil contempt proceeding . . . and it is within the court's discretion to formulate a remedy in a civil contempt proceeding."  Demoulas, 424 Mass. at 571.  In determining the reasonable attorney's fee amount, "the judge . . . should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases."  Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).

---

[4] Counsel's letter recited language from the order, but it did not use quotation marks to indicate it was language from the order.

On appeal, Marx contends that the judge abused his discretion in lowering the requested attorney's fees from $55,080 to $22,500 and expenses from $3,647.36 to $440.[5]  Marx argues that the judge did not set forth any findings for his fee reduction, hours reduction, or costs.  We disagree.  The judge based the award on what he considered to be a reasonable hourly rate and a reasonable number of hours given the issues presented at the contempt trial.  The judge "observe[d] the case presentation" and "reviewed the affidavit provided by counsel documenting and detailing the time spent on the tasks undertaken."  In addition, the judge noted that "the legal issues raised in this matter were not complicated or unique and the factual investigation was relatively straightforward." Thus, we discern no abuse of discretion in the judge's decision on attorney's fees and costs.[6]

---

[5] The judge actually awarded $518.34, including $440 for the police details and $78.34 for process service, but Marx makes no reference to the latter amount in his brief.

[6] Marx also seeks attorney's fees and costs of the appeal. We cannot conclude that this appeal was frivolous, and therefore decline to exercise our discretion to award  appellate attorney's fees and costs.  See Cusack v. Clasby, 94 Mass. App. Ct. 756, 760 (2019).

6

The judgement on the contempt complaint and the order for attorney's fees and costs are affirmed.

So ordered.

By the Court (Massing, Englander & D'Angelo, JJ.[7]),

*Paul Little*

Clerk

Entered: May 9, 2025.

---

[7] The panelists are listed in order of seniority.