NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-847

ROBYN CAPLIS-SEVELITTE, trustee,[1]

vs.

JOSEPH M. SEVELITTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Joseph M. Sevelitte, appeals from a Housing Court summary judgment in favor of the plaintiff, Robyn Caplis-Sevelitte, trustee of The Sevelitte Family Revocable Trust (trust).  The defendant argues that the trustee lacked standing to bring a summary process action against him.  We affirm the judgment.

Background.  On January 8, 2020, the defendant's father, Joseph F. Sevelitte, Jr. (settlor), executed a will and the trust.  The will provided that the settlor gave his interest in 13 Allen Court, Medford (property), to the trust.  The trust

_____

[1] Of The Sevelitte Family Revocable Trust.

names as trustee the settlor's wife, Caplis-Sevelitte (wife).[2] Article 7.1 of the trust grants the wife a life estate in the property. Article 7.2 of the trust provides that, when the defendant reaches the age of forty-two, the trust assets shall be distributed to the defendant, subject to the wife's life estate in the property. Article 8.6(a) grants the trustee broad power over the property, including "to take such . . . actions as they may deem appropriate with respect to such real estate." More specifically, article 8.6(a)(iv) gives the trustee the power "to determine when the trust beneficiaries may use the real estate and whether it is appropriate to charge them rent for such use, and to rent the real estate to persons who are not beneficiaries of the trust, all in its sole discretion."

On December 23, 2020, the settlor died. In February 2021, an order of informal probate entered appointing the wife as personal representative of his estate.

In August 2022, the trustee served a notice to quit on the defendant, who was living at the property. In October 2022, the trustee filed a summary process complaint against the defendant. The parties cross-moved for summary judgment. In support of his motion, the defendant asserted that the trust did not hold title

---

[2] We refer to Caplis-Sevelitte in her personal capacity as "the wife" and in her capacity as trustee and plaintiff as "the trustee."

2

to the property.  Concluding that ownership of the property passed to the trust upon the settlor's death, a Housing Court judge issued a summary judgment in favor of the trustee.[3]  The defendant appeals.

Discussion.  "We review a decision to grant summary judgment de novo."  Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011).  "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  Id., quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  To the extent that the defendant raises claims on appeal that he did not make on summary judgment, we assume, without deciding, that they are properly before us, and conclude that they are meritless.

1.  Ownership of property.  "A plaintiff may bring a summary process action to evict a tenant and recover possession of his or her property only if the plaintiff is the owner or lessor of the property."  Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 546 (2018).  See G. L. c. 239, § 1 ("the person

---

[3] In parallel proceedings in Superior Court, judges granted summary judgment in favor of the trustee, apparently for similar reasons.  Those rulings are not before us.

3

entitled to the land or tenements may recover possession" through summary process action).

The defendant argues that the wife, as personal representative of the settlor's estate, never transferred to the trust the title to the property, and as a result the trustee does not have standing to evict the defendant.  We disagree.

The wife was not required to transfer title to the trust because title already had transferred by will.  The settlor's will provided, "I give and devise my interest in real estate located at 13 Allen Court, Medford, . . . to [the wife] as trustee of [the trust]."  The will was informally probated soon after the settlor died, and title passed to the wife as trustee of the trust.  See Daley v. Daley, 300 Mass. 17, 21 (1938) ("Title to real estate devised by will passes directly, on probate of the will, to the devisee and relates back to the instant of the death of the testator").  This is in accordance with Massachusetts probate statutes.  See G. L. c. 190B, § 3-101 ("Upon the death of a person, the decedent's real and personal property devolves to the persons to whom it is devised by the decedent's last will"); G. L. c. 190B, § 2-602 ("Property owned by the testator at death . . . passes under the will unless a different intention appears").

4

The defendant relies on Lannin v. Buckley, 256 Mass. 78, 81 (1926), to argue that the wife may not act as trustee until the estate has been fully administered.  Because Lannin predates the enactment of the Massachusetts Uniform Probate Code, G. L. c. 190B, inserted by St. 2008, c. 521, § 9 (effective March 31, 2012), that reliance is misplaced.  See Cusack v. Clasby, 94 Mass. App. Ct. 756, 757 (2019) (G. L. c. 190B displaced common-law principles inconsistent with it).  Further, Lannin involved the appointment of trustees "under a will," but here the wife's appointment as trustee is set forth in the trust instrument. Lannin, supra.

The defendant also argues that his paternal grandmother, who died in 2019, still has a recorded life estate in the property.  On the contrary, life estates terminate upon the death of the life tenant.  See Ciani v. MacGrath, 481 Mass. 174, 182 n.7 (2019) ("The owner of a life estate in real property, as that term is commonly understood, has a right to possess the property . . . during his or her lifetime").  See also Hershman-Tcherepnin v. Tcherepnin, 452 Mass. 77, 88 n.20 (2008).

Because the trust has ownership of the property, the trustee had standing to bring the summary process action against the defendant.  See Frechette v. D'Andrea, 494 Mass. 167, 172 (2024) ("As owners of the property in question, the plaintiffs

5

have standing to bring summary process against the defendants").
We also note that article 8.1(f) of the trust grants the trustee
the power to "lease" the property, and lessors may bring summary
process actions against their tenants.  Contrast Ahmed-Kagzi v.
Williams, 479 Mass. 1027, 1028 (2018) (property manager lacked
standing to bring summary process action to evict tenants from
properties that he did not own).

2.  Effect of defendant's remainder interest.[4]  The
defendant further argues that he holds "equitable title" to the
property by virtue of his remainder interest as set forth in
article 7.2 of the trust.  We disagree.

The defendant's remainder interest in the trust property
does not grant him equitable title or any other right to
possession of the property.  This is particularly so where
article 8.1(f) of the trust grants the trustee the power to
lease the property, and article 8.6(a)(iv) grants her the power
"to determine when the trust beneficiaries may use the real
estate."  As the trust was sole owner of the property, the

_____

[4] In his reply brief, the defendant argues for the first
time that even if the trust has standing, he "cannot be evicted
when he is paying rent for his occupancy of the premises."  We
decline to consider an argument raised for the first time in a
reply brief.  Mass. R. A. P. 16 (c), as amended, 489 Mass. 1602
(2022).  If we were to consider it, we would deem it meritless,
as this was a no-fault eviction terminating a tenancy at will,
and thus whether the defendant was current in rent payments was
immaterial.

6

trustee lawfully initiated a summary process action against the defendant, a trust beneficiary occupying the property.  See Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 129 (2018) (landlord may bring summary process action against tenant).

3.  Attorney's fees.  The trustee requests sanctions against the defendant, on the ground that his appeal is "frivolous and vexatious."  See G. L. c. 211A, § 15.  "The determination whether an appeal is frivolous is left to the sound discretion of the appellate court" (citation omitted).  Marabello v. Boston Bark Corp., 463 Mass. 394, 400 (2012).  Although there is force to the trustee's argument, we decline to exercise our discretion to award attorney's fees.[5]

Judgment affirmed.

By the Court (Hand, Grant & Wood, JJ.[6]),

Clerk

Entered:  May 28, 2025.

---

[5] The defendant's request for attorney's fees is also denied.

[6] The panelists are listed in order of seniority.